Commonwealth *v.* Bennett, Appellant.

Argued September 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph P. Brennan,* with him *Eugene F. Smith,* for appellant.

*Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

This is an appeal from a conviction for armed robbery. At trial the Commonwealth's case was based on the testimony of two witnesses who incriminated the appellant. The first witness, Mrs. Lois Coviello Johnson, testified that on the night of the robbery in question, she, her husband and appellant were in her home, and in her presence her husband and appellant planned the robbery. Further, at that time, her sweater was taken and cut up with her scissors to fashion ski masks which were worn during the robbery by her husband and appellant. After the robbery was completed, she testified that she shared in the proceeds from the robbery. Mrs. Johnson could not remember who cut the sweater up.

This testimony corroborated the testimony of Mrs. Johnson's husband, Richard Johnson, who also later testified as a prosecution witness.

In his charge to the jury, the trial court stated that "If you believe what Richard Johnson said, then, of course, he was an accomplice in this case. And if you believe he was an accomplice in this case, then, of course, you must look upon his testimony with great

scrutiny, because while the law of the Commonwealth does not prevent a jury from finding a person guilty upon the testimony of an accomplice, it does say that before you convict a defendant solely upon the testimony of an accomplice, you should look at his testimony very carefully because it's what we call a corrupt source. Here's a person who committed a crime himself, and, therefore, when you're trying to decide whether or not you believe his testimony, you should look at it very carefully, and you should go one step beyond looking at it very carefully and say: *Is it corroborated by anybody else or any other testimony in the case? . . .* Now it may be also that you would find that Mrs. Coviello Johnson was also an accomplice, depending on what you believe." (Emphasis supplied.)

At the conclusion of the charge, appellant's counsel requested the court, in light of the evidence of Mrs. Johnson's participation in the planning of the crime and her receipt of proceeds from the robbery and also in consideration of the court's characterization of Mrs. Johnson as a "possible accomplice," to charge the jury in accordance with a submitted point for charge which read as follows: "Where two accomplices testify against a confederate defendant and the defendant presents a point for charge which states the one accomplice's testimony cannot be considered corroboration of another accomplice's testimony, such a point cannot be properly refused, for it correctly states the law."

This point for charge was in accord with a consistent line of cases which have held that the testimony of one accomplice cannot be used to corroborate the testimony of another accomplice. *Commonwealth v. Pressel,* 194 Pa. Superior Ct. 367, 168 A. 2d 779 (1961) and *Commonwealth v. Finkelstein,* 191 Pa. Superior Ct. 328, 156 A. 2d 888 (1959).

The court, however, refused this point for charge.

The court, instead, instructed the jury to determine whether Mr. Johnson's testimony was "corroborated by anybody else or any other testimony," which necessarily included Mrs. Johnson's testimony. This was error as the jury could have properly found that Mrs. Johnson was an accomplice to Mr. Johnson.[1]

We vacate the judgment of sentence and order a new trial.

WATKINS, J., dissents.

---

[1] In *Commonwealth v. Brown*, 116 Pa. Superior Ct. 1, 12 (1934) we stated that "[t]he general rule is that when the facts, with respect to the participation of a witness in the crime for which a defendant is on trial, are clear and undisputed, it is for the court to determine whether or not he was an accomplice, but where the facts are in dispute, or different inferences might reasonably be drawn therefrom, the question whether or not a witness was an accomplice is for the jury [citation omitted]." See also *Commonwealth v. Sisak*, 436 Pa. 262, 259 A. 2d 428 (1969).