404 A.2d 697

COMMONWEALTH of Pennsylvania

v.

**Charles E. REIDENBAUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Reargument Denied Aug. 25, 1978.

Allowance of Application for Allocatur Denied Nov. 27, 1978.

Robert Lincoln Potter, Pittsburgh, for appellant.

Robert E. Colville, District Attorney, Pittsburgh, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

In 1974 appellant was convicted of rape,[1] statutory rape,[2] two counts of sodomy,[3] corrupting the morals of a minor,[4] and assault and battery with intent to ravish.[5] The trial was before a jury, and appellant was represented by private counsel. After sentence was imposed appellant took an

1. The Penal Code, Act of June 24, 1939, P.L. 872, § 721; 18 P.S. § 4721 (1963). (All the offenses charged took place before the effective date of the Crimes Code.)

2. *Id.*, § 721(b); 18 P.S. § 4721(b).

3. *Id.*, § 501; 18 P.S. § 4501.

4. *Id.*, § 532; 18 P.S. § 4532.

5. *Id.*, § 722; 18 P.S. § 4722.

appeal to this court, on which appeal he was represented by the Public Defender. We affirmed the judgment of sentence. *Commonwealth v. Reidenbaugh*, 238 Pa.Super. 14, 352 A.2d 446 (1975) (HOFFMAN, J., dissented on the question of waiver of an issue of illegality of the sentence). Represented by new counsel (present appellate counsel), appellant filed a petition for allowance of appeal in the Supreme Court alleging *inter alia* that his first (Public Defender) appellate counsel had been ineffective in failing to raise certain issues to our court. On April 5, 1977, the Supreme Court entered the following order *per curiam*:

> Petition granted. Order of the Superior Court affirming the judgment of sentence is vacated and the case is remanded to the Superior Court for another appeal on the merits from the judgment of sentence entered by the Court of Common Pleas of Allegheny County.

The present appeal to our court followed.

■ We take the Supreme Court's order to mean that the Court found merit in appellant's claim of ineffectiveness of first appellate counsel. Therefore, all issues raised on this second appeal to us are properly before us. "[W]here an appellant is denied the effective assistance of counsel on appeal, the proper remedy is to afford appellant a new appeal in which he may reassert the issues adversely affected by his initial counsel's ineffective stewardship of his appeal." *Commonwealth v. Sullivan*, 472 Pa. 129, 146, 371 A.2d 468, 476 (1977).

–1–

Appellant argues that he is entitled to a new trial because the verdict was against the weight of the evidence.[6] We are not persuaded.[6a]

---

**6.** Appellate counsel frames this question as whether "[t]here is insufficient evidence to support a conviction of forcible rape . . . ." However, since the relief he prays for is a new trial, not discharge, and since his discussion stresses the weight of the evidence, not the lack of proof of certain elements, we have taken his point to be that the verdict was against the weight of the evidence.

**6a.** The dissent insists that we may not reach this issue, because we decided it on appellant's first appeal. However, we think it likely

■ Appellant's argument rests mainly on his review of various inconsistencies in the prosecutrices' testimony.[7] However, on one key passage counsel has construed the testimony in a manner overly favorable to his client. Counsel states: "Janet Mills [prosecutrix], when asked on cross-examination whether she and Dennis [a co-defendant] had been kissing in the front seat of the car, replied that she was not *sure but that they could have been*." Appellant's Brief at 43 (emphasis in original). This statement is clearly meant to cast doubt on the prosecutrix's other testimony that she was being taken on a detour against her will. However, examination of the transcript will show that the jury was entitled to understand Ms. Mills as saying that while the co-defendant could have been kissing her, he was not; in other words, that it was physically possible for him to kiss her because they were side-by-side in the front seat of the car, but that he did not do what he possibly could have done.[7a]

that the Supreme Court intended that we should reach all issues raised on "another appeal on the merits," although we admit that the scope of this order is not entirely clear.

7. For the facts, *see* our previous opinion in the case, 238 Pa.Super. 14, 352 A.2d 446 (1975).

7a. The transcript reads:

Q. Miss Mills, going from the bar in McKees Rocks out to Hardies Lake, you were in the front seat?

A. That is right.

Q. In the middle?

A. Right.

Q. Where was Dennis?

A. On the right.

Q. What, if anything, did you do with Dennis on the way out to Hardies Lake?

A. Nothing.

Q. Did he have his arm around you?

A. No. He had his arm around the back of the seat.

Q. Was he kissing you?

A. No.

Q. Could he have been kissing you?

■ Counsel has made other arguments, but they are in essence a request that we reach different conclusions on credibility than did the jury. In such circumstances a trial court is in a far better position than we to judge whether justice has miscarried; hence the rule that "[w]hether a verdict is contrary to the evidence or the weight of the evidence so as to require a new trial is within the discretion of the trial judge." *Commonwealth v. Ashford,* 227 Pa.Super. 351, 354, 322 A.2d 722, 723 (1974). Here the lower court denied appellant's motion for new trial on this ground. We cannot say on the record before us that this ruling was an abuse of discretion.

–2–

Appellant argues that his trial counsel was ineffective.

Appellant took the stand in his defense. At the close of direct examination, trial counsel elicited the following testimony:

Q. Do you have a prior record?
A. Yes, sir.
Q. When?
A. I think it was in 1967.
Q. For what?
A. Fornication and corrupting the morals of a minor.
Q. Anything else?
A. Auto larceny.
DEFENSE COUNSEL: You may examine.

A. He could have been.
Q. Oh, well, is your answer, "He could have been," or "No, he wasn't." ?
A. He wasn't.
Q. He was not. But he could have been.
A. Right.
Q. I don't understand that. Were you kissing him?
A. No.
Q. Could you have been?
A. No.
N.T. 210–212.
Counsel also cites Ms. Mills's testimony at a prior judicial proceeding in Juvenile Court; but this testimony will support various inferences, some favorable to appellant, and some not.

N.T. 332.

Appellant now contends that counsel should not have questioned him about his prior convictions for fornication and corrupting.

Certainly counsel's action seems unwise. If counsel thought that he should steal thunder from the prosecutor's cross-examination of appellant by eliciting the prior convictions before the prosecutor did, counsel was mistaken.[8]

In *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), decided almost one year before the trial in this case, the Supreme Court limited the prior convictions that may be used for impeachment to those involving dishonesty or false statement. That fornication is not a *crimen falsi* was decided in *Commonwealth v. Allen*, 220 Pa.Super. 403, 289 A.2d 476 (1972). Although we have not yet had occasion to decide the point, we have no difficulty concluding that neither does the crime of corrupting involve dishonesty or false statement. *Cf. Commonwealth v. Moore*, 246 Pa.Super. 163, 369 A.2d 862 (1977) (the crime of statutory rape does not involve dishonesty or false statement).

Even before *Bighum*, the law of the Commonwealth restricted impeachment by prior conviction either for a felony or for a misdemeanor in the nature of *crimen falsi*. *Commonwealth v. Scoleri*, 432 Pa. 571, 248 A.2d 295 (1968); *Commonwealth v. Snyder*, 408 Pa. 253, 182 A.2d 495 (1962), cert. denied, 371 U.S. 957, 83 S.Ct. 514, 9 L.Ed.2d 504 (1963); *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1961), cert. denied, 368 U.S. 945, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961). Inasmuch as neither fornication nor corrupting is a crime involving dishonesty or false statement, the prosecutor could not use appellant's convictions to impeach, either under *Bighum* or under the prior case law.[9] The question, therefore, is whether counsel could have had some other, reasona-

8. On appeal the Commonwealth concedes that it could not have introduced the prior convictions, and that if it had, a new trial would have been warranted. Appellee's Brief at 14.

9. Both fornication and corrupting are misdemeanors. The Penal Code, *supra*; 18 P.S. §§ 4506 & 4532.

ble basis for his decision to reveal the prior convictions on direct examination.

To its professional credit, the Commonwealth has directed us to the case most helpful to appellant on this issue. In *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974), a defendant convicted of aggravated assault and battery asserted that his trial counsel had been ineffective in revealing on direct examination that the defendant had recently been convicted on two indictments for voluntary manslaughter. The Supreme Court, noting that the manslaughter convictions would not have been admissible for impeachment because sentence had not yet been imposed on them at the time of the defendant's assault and battery trial, stated that it could not perceive any reasonable basis for counsel's belief that the prior convictions would have been admissible. Therefore the Court found ineffectiveness on the face of the record and awarded the defendant a new trial.

The Commonwealth suggests, however, that *Zapata* does not compel an award of a new trial outright in this case, for three reasons. First, the prior convictions introduced in *Zapata* were graver than the crime being tried, while here the prior convictions were of a lesser nature. This point has some merit, although certainly the prejudicial nature of convictions for fornication and corrupting in a trial in which one of the charges is statutory rape can scarcely be doubted. Second, the prior convictions in *Zapata* were very recent—to the extent that sentence had not yet been imposed—while here the prior convictions were rather old and therefore possibly less inflammatory. (Appellant's prior convictions were in 1967; the trial was in 1974.) Third, in *Zapata* the Commonwealth called as witnesses not only the victim but two eyewitnesses to the crime charged, so that the trial was not a swearing contest between the defendant and his victim; here, by contrast, as appellate counsel says, the trial was "a credibility contest between the two prosecutrices and the two defendants." Appellant's Brief at 13. This third point leads the Commonwealth to argue that trial counsel could have hoped to use appellant's admission of his prior convictions to bolster his credibility:

[W]here, as herein, defense counsel is attempting to impress the jury with the credibility of his client and has completed his defense, there may in fact be a "reasonable basis designed to effectuate his client's interests" in admitting a prior and otherwise inadmissible conviction. The jury may retire with the notion that the defendant is telling the truth—even to the point of admitting to a prior crime.

Appellee's Brief at 15.

■ The possibility that trial counsel's strategy was as argued by the Commonwealth seems remote, but not impossible. Much would depend on the atmosphere at trial: how well or badly appellant seemed to have fared with the jury on the substance of his direct testimony; how much or little he seemed in need of some extra touch to persuade the jurors that he was trying on this occasion to tell the truth. Given our inability, as an appellate court, to appraise these factors, we are persuaded by the Commonwealth's suggestion that the proper procedure in this case is to remand the case for a hearing under *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

In reaching this conclusion we recognize that in *Zapata* the Supreme Court stated: "Appellant's case rested squarely on the strength of his own testimony. Accordingly, his counsel's action in bringing out the incompetent impeachment evidence was clearly prejudicial [and constituted ineffectiveness]. . . ." 455 Pa. at 212–13, 314 A.2d at 303–04. Nevertheless, this case is different from *Zapata*, not only in the ways suggested by the Commonwealth, but also in that *Zapata* was decided before the Supreme Court decided in *Twiggs* that in some cases an evidentiary hearing to explore trial counsel's reasons for his actions is the preferable procedure.

■ Appellant argues that a hearing on trial counsel's reasons is unnecessary here. Appellate counsel has attached to his brief a letter to trial counsel, and trial counsel's reply. These letters support a conclusion that trial counsel's only reason for introducing the prior convictions was to steal the

prosecutor's thunder by anticipating his cross-examination. As noted earlier, this reason would not be reasonable. However, the letters are not entirely clear on this point; and furthermore, what is more important, they are not part of the record, and we therefore may not consider them. *Wood v. Tucker*, 231 Pa.Super. 461, 332 A.2d 191 (1974); *Commonwealth ex rel. Oncay v. Oncay*, 153 Pa.Super. 569, 34 A.2d 839 (1943). Assuming the Commonwealth had no objection to their inclusion in the record for appeal, the correct procedure would have been for appellant and the Commonwealth to stipulate to their inclusion, and for a supplemental record to be certified and transmitted. Pa.R.App.P. 1926. We assume that on remand the questions raised by the letters will be explored at the evidentiary hearing.[10]

–3–

Finally, appellant argues that he was illegally sentenced, in that certain of the six crimes of which he was convicted should have merged. We agree, as does the Commonwealth.[10a]

**10.** Two issues raised on this appeal (in Appellant's Brief, Issues II and III) are argued in part as if based on a claim of ineffectiveness of trial counsel. However, they are not so framed in appellant's statement of questions presented, and therefore trial counsel's ineffectiveness in regard to these two issues is not properly before us. Pa.R. A.P. 2115.

The issues themselves, stripped of the ineffectiveness claim, were not preserved below, and so have been waived.

**10a.** The dissent argues that we may not alter our prior decision on this issue. Thus the dissent states: "[A] contrary conclusion by a majority of this court on the same issue with the same record in the same case is unwarranted." Dissenting Opinion at 704.

We take the dissent to mean that we should in this situation apply the doctrine of the law of the case:

[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous.

Reamer's Estate, 331 Pa. 117, 122, 200 A. 35, 37 (1938).

We do not agree with the dissent, for three reasons.

First, it is arguable that this appeal is not a "subsequent appeal"; rather, it is the *same* appeal from the *same* judgment of sentence, here for the second time owing to the Supreme Court's finding that appellant was denied his right to effective appellate assistance and,

■■ Assault and battery with intent to commit rape merges with the completed offense of rape. *Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190 (1941). Corrupting the morals of a minor merges with the crime of statutory rape, where the corrupting occurred during or immediately before the act of fornication.[11] *Commonwealth*

as a consequence, an effective appeal. *See Commonwealth v. Sullivan, supra* 472 Pa. at 146, 371 A.2d at 476: "[A] decision of a court in a case where appellant was without the effective assistance of counsel is not binding upon appellant."

Second, if the Supreme Court had not meant us to review all issues raised by appellant on this appeal as if on a first appeal, it would have decided the merger-of-offenses issue (which we held waived on appellant's first appeal to us) *before* it reached the question of denial of effective assistance of appellate counsel. (A similar point may be made about the issue of the weight of the evidence; *see* note 6a *supra.*)

Third, the doctrine of the law of the case is not . . . inflexible. It does not have the finality of the doctrine of *res judicata.* "The prior ruling may have been followed as the law of the case, but there is a difference between such adherence and *res judicata;* one directs discretion, the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission": *Southern Railway Co. v. Clift,* 260 U.S. 316, 319, 43 S.Ct. 126, 67 L.Ed. 283. The rule of "the law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decision, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power. Thus there is an abundance of authority to the effect that where a prior decision is palpably erroneous, it is competent for the court, not as a matter of right but of grace, to correct it upon a second review where no wrong or injustice will result thereby, where no rights of property have become vested, where no change has been made in the status of the parties in reliance upon the former ruling, and where, following the decision on a former appeal, the court in another case has laid down a different rule either expressly or by necessary implication overruling the previous decision. . . . *Reamer's Estate, supra* 331 Pa. at 122–23, 200 A. at 37–38 (footnote and citations omitted).

In this case, we know from *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976), that our prior decision—that appellant had waived his claim that certain offenses should have merged for purposes of sentencing—was "palpably erroneous." If the Supreme Court had reached the issue on appellant's appeal to that Court from our first decision, the Court would have reversed; therefore, we should do so here.

11. Here, the indictment charging corrupting made it clear that the corrupting acts alleged were the fornication and sodomy.

*v. Cox,* 209 Pa.Super. 457, 228 A.2d 30 (1967).  Therefore, after resolution of the other issues in the case, appellant is entitled to resentencing on the convictions for assault and battery and corrupting.[12]

The judgment of sentence is vacated, and the case remanded for a hearing under *Commonwealth v. Twiggs, supra.*  If the lower court finds that trial counsel was ineffective, the court shall award a new trial.  If the lower court finds that counsel was effective, new sentences shall be imposed, consistent with this opinion.

PRICE, J., files a concurring and dissenting opinion, in which VAN der VOORT, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, concurring and dissenting:

I agree with the majority that this case should be remanded to the court below for a hearing under *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).  Although I concur with the majority's disposition of this case, I must confess that I do so with some hesitancy.  This hesitancy arises because the order of the supreme court is not clearly phrased and therefore invites various interpretations.  Assuming, however, that the majority does correctly fathom the directive of the supreme court to mean that first appellate counsel was ineffective, then we may properly consider only the first issue presented in this appeal, which is:

"I.  Is not a criminal defendant, indicted for rape and statutory rape, denied his Sixth Amendment right to the effective assistance of trial counsel where his own lawyer, on direct examination, brings out before the jury the fact that the defendant has been on a previous occasion con-

12.  Appellant also argues that his conviction for rape should have merged with that for statutory rape.  *Commonwealth v. Walker, supra* note 10a.  However, appellant has overlooked the fact that the rape conviction was for rape of one of the prosecutrices (an adult), while the statutory rape conviction was for rape of the other.  Thus the rape and statutory rape convictions did not merge.

victed of a sex-related offense with a young girl and where that prior conviction was not a felony, was not a misdemeanor in the nature of *crimen falsi,* and could not therefore have been used by the prosecutor for purposes of cross-examination?"

I agree with the majority that under the current state of the law we must remand this case in order to achieve a resolution of appellant's claim. I do not find, however, that the appellant has claimed to this court that his trial counsel was ineffective in any other respect.

The remaining issues presented to this court for review are expressed by the appellant as follows:

"II. Does not the prosecuting attorney engage in misconduct requiring the granting of a new trial where he asks the defendant, who has already testified on direct and who has denied committing the crimes charged, a question in the following form: 'What would you say if I told you that your attorney told me that you told him [certain incriminating information]?' "

"III. Did not the trial court commit reversible error in excluding on defense counsel's redirect examination any inquiry into the terms of a plea bargain of a co-defendant witness who had earlier pleaded guilty to the same charges pursuant to a plea bargain but whose testimony on direct was exculpatory of himself and of the non-guilty pleading defendants?"

"IV. Is there not insufficient evidence to support a conviction for forcible rape where the victims of the alleged rape testified that they shouted for help and screamed loudly, but defendants introduced the testimony of a witness, unrelated to any of the parties and unimpeached by cross-examination, who was approximately 30-40 yards from the scene of the alleged forcible rape and who testified that he heard no screams or shouts for help but only what sounded 'like a beer party?' "

"V. Do not the offenses of corrupting the morals of a minor and assault and battery with intent to commit rape merge under Pennsylvania law with the more serious crime of forcible rape, and does not the crime of statutory

rape itself merge with the crime of forcible rape where the underage prosecutrix testifies that she was forcibly raped against her consent?"

Clearly, the appellant does not set forth, or even suggest, a claim of ineffectiveness of trial counsel in any of the above-stated issues. We are therefore precluded from considering a claim of ineffective assistance in any of these issues. Pa.R.A.P. 2115; *see also* the per curiam order of the Pennsylvania Supreme Court in *Commonwealth v. Thomas Borris,* No. 1341 Allocatur Docket (August 8, 1977).

I am further compelled to comment that the questions presented in issues IV and V above are *exactly* the same questions decided by this court in the appellant's initial appeal. *See Commonwealth v. Reidenbaugh,* 238 Pa.Super. 14, 352 A.2d 446 (1975). The majority now accepts its earlier decision on issue IV, but reverses its decision on issue V. Certainly, a contrary conclusion by a majority of this court on the same issue with the same record in the same case is unwarranted. I would remand this case to the court below, and if the court below finds that trial counsel was ineffective, then a new trial should be awarded. If, however, the court below finds that the appellant was not denied effective counsel, then the same sentence should be imposed.

VAN der VOORT, J., joins in this opinion.