414 A.2d 383

**COMMONWEALTH of Pennsylvania,**

**v.**

**Adrean YOHN, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Nov. 16, 1979.

Thomas M. Torquato, Lewistown, for appellant.

Lester H. Zimmerman, Jr., District Attorney, Mifflintown, for Commonwealth, appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellant, Adrean Yohn, files the instant direct appeal from a judgment of sentence following his conviction, after jury trial, on charges of burglary and conspiracy. Written post-trial motions were filed in the lower court and considered prior to sentencing. On the instant appeal, the Appellant raises numerous claims of error.

Initially, the Appellant claims that the lower court committed error in refusing to grant his challenges for cause to four jurors. Thus, the Appellant claims that the lower court wrongfully hampered his ability to effectively use his peremptory challenges since he had to exercise them against the four jurors in question. Our review of the record of proceedings in the lower court reveals that Appellant, in post-trial motions and in a Brief in support of post-trial motions following his conviction, only claimed that the lower court had erred in refusing to grant challenges for cause to three jurors rather than four. Since the issue of Appellant's challenge to the fourth juror was not preserved by appropriate objection in the lower court, we will not consider it on appeal. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). The remaining jurors which Appellant claims should have been excluded for cause included one prospective juror who had been employed by the alleged victim some three to four years prior to the burglary, another who was related by marriage to a police officer who worked in another county, and a third who had gone on a fishing trip some six or eight years earlier with a Pennsylvania State police officer who was a superior officer of the prosecuting officer in the Appellant's case. In order to award a new trial in these circumstances, we must find that there was a palpable abuse of discretion by the trial judge in passing upon a challenge for cause to a prospective juror. *Commonwealth v. Brown*, 228 Pa.Super. 166, 323 A.2d 281 (1974). We cannot find such an abuse of discretion in the present case. The relationships of each of the prospective jurors in issue were quite remote in substance and attenuated in time from the circumstances surrounding the alleged burglary with which Appellant was

charged. The trial court asked each of the prospective jurors in question whether the fact of the particular relationship involved would have a disturbing effect upon the impartiality expected of a juror. Each of the three individuals replied in the negative. The Appellant exercised three of his peremptory challenges against these individuals. The Appellant has not argued on appeal that this caused him to exhaust challenges which he would have exercised against any particular members of the jury which in fact considered his case. Thus, even if the lower court wrongfully refused to exclude the jurors in issue for good cause shown, the Appellant has not demonstrated any prejudice which evolved from such circumstances. Thus, because we find no abuse of discretion by the lower court, nor perceptible prejudice to the Appellant, we reject the claim of error based upon the lower court's refusal to exclude the three jurors in question for cause.

Next, the Appellant argues that reversal is appropriate because of comments by the prosecuting attorney which allegedly denied Appellant a fair trial. The first such contention concerns a claim that the Assistant District Attorney exceeded the bounds of fair comment when, in his opening argument, he characterized the case as one involving "very serious crimes". It is well settled that a mistrial is appropriate only if the remarks of the prosecuting attorney had the unavoidable effect of prejudicing the finders of fact so as to render them incapable of an objective judgment. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1970). In *Commonwealth v. Rainey*, 242 Pa.Super. 39, 363 A.2d 1148 (1976) we passed upon an almost identical situation, which involved the statement by the Commonwealth's attorney that "this is a serious case". We held that the contention raised by the appellant in that case was patently without merit and noted that all matters which come to trial are serious. In the instant case, we find it noteworthy that the lower court, immediately after the opening argument of the Assistant District Attorney, instructed the jury to disregard the comment that the case involved "a very serious

crime". We find no merit whatsoever in appellant's argument concerning the prosecuting attorney's comment in his opening address.

■ We also find a lack of substance in the contention by Appellant that the Assistant District Attorney created grounds for reversal in allegedly misstating the testimony of witnesses in his closing remarks to the jury. Even if we were to assume that the Assistant District Attorney had in fact not correctly commented on the evidence which had been adduced at trial, we would find such error to have been inconsequential in view of the clear instruction by the Court thereafter, that the only evidence the jurors should consider was that elicited from the witnesses who testified. In our view, such instructions cured any arguable error which could have resulted from any alleged misstatement by the Assistant District Attorney in his closing argument.

■ The Appellant next claims that the trial court committed reversible error in permitting the amendment of the Information against Appellant on the day of trial. The amendment which the Court permitted was the inclusion of additional items in the list of those that the Appellant had allegedly taken, under Count I, which was a theft charge. We find no basis for reversal upon this claim of error. Rule 220 of the Pennsylvania Rules of Criminal Procedure provides:

> The Court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense.

The amendment in issue was clearly permissible under Rule 220. It was purely an amendment in form rather than substance, and did not charge any additional or different offense. See *Commonwealth v. Brown*, 229 Pa.Super. 67, 323 A.2d 845 (1974). Moreover, we cannot ignore the facts that Appellant was not convicted of theft, and the amendment could not possibly have affected his defense in the

case, which was strictly based upon alibi. Thus, we find no error in the lower court's action in permitting the amendment of the Information to add additional items under the theft count.

■ The Appellant also maintains that reversal is appropriate because of defects in a search warrant which, when executed, resulted in the finding of several items at Appellant's residence similar to those removed in the burglary for which Appellant was convicted. Initially, Appellant asserts that the affidavit in support of the search warrant sets forth insufficient facts or circumstances to provide a basis for the issuance of the warrant to search Appellant's mobile home. He also contends that the search warrant did not describe with reasonable specificity the premises to be searched. Neither claim is valid. The Pennsylvania State police officer set forth under the probable cause section of the search warrant that he had received information from one Ralph Hosler, that both Hosler and the Appellant participated in the burglary in question on December 5, 1976, and that items taken in the burglary ".   .   . were in the possession of Adrean Yohn and the vehicle supposedly containing said items to and include all items mentioned aforesaid (sic)." Under the section of the search warrant application which requests a specific description of the premises to be searched, the officer placed the following description: "71 Princess Mobile Home 12′ × 65′ White trimmed in Gold and on left side there is partial brown aluminum siding. Liberty Drive, lot number 129, White refrigerator sitting outside front door. 4.8 miles s.w. of Chambersburg, PA Rolling Acres Trailer Court. (sic)" We believe that probable cause for the issuance of the warrant was clearly established, and that the description of the premises to be searched was sufficiently specific. As to the question of probable cause, we note that the officer supplied the issuing authority with information that he had been personally informed by a participant in the criminal act as to the involvement of the Appellant and the location or storage place of the fruits of that illegal conduct. Such information by a participant has

been held to be satisfactory in the establishment of probable cause in the past. See *Commonwealth v. White*, 447 Pa. 331, 290 A.2d 246 (1972). Hosler, in admitting his own involvement in the incident, made a declaration against his own penal interest and as such, provided an independent basis for a finding of probable cause. *Commonwealth v. White, supra.* As to the description of the property, we find no merit whatsoever to Appellant's contentions. Although somewhat ungrammatical, the description certainly included sufficient detail to specifically describe the premises to be searched. Thus, we dismiss Appellant's claims with respect to irregularities concerning the search warrant.[1]

Finally, Appellant claims that the verdict of the jury was not supported by the weight of the evidence. It is well established that where the evidence is conflicting, the credibility of witnesses is solely for the jury and if its finding is supported by the record, the trial court's denial of a motion for new trial will not be disturbed on a claim that the verdict is against the weight of the evidence. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972); *Commonwealth v. Hayes*, 205 Pa.Super. 338, 344, 209 A.2d 38, 41 (1965). In the instant case, the Commonwealth presented the testimony of Ralph E. Hosler, who stated that he was involved in the burglary of a cabin with Appellant on the night in question. Additional witnesses for the Commonwealth substantiated the position that the Appellant was in Juniata County on the night in question, thus rebutting

---

1. The lower court found Appellant's claims concerning the search warrant to be without merit. In addition, the lower court found the issue had been waived for purposes of appellate review because Appellant had not technically complied with the lower court's directive to provide a concise statement of the matters complained of on appeal as authorized by Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Instead of filing such a statement, as required by the Rule, Appellant responded to the lower court by a letter wherein he indicated that the issues to be addressed on appeal were those set forth in the post-trial motions previously filed with the Court. In view of the obvious lack of merit in the search warrant arguments of Appellant, and the fact that our review was not hampered in the limited circumstances of this case, we will not rely on the doctrine of waiver in our disposition. See *Commonwealth v. Crowley*, 259 Pa.Super. 204, 393 A.2d 789 (1978).

Appellant's alibi testimony that he was in another county at the time when the burglary was alleged to have taken place. Further, the victim of the crime identified certain items secured at the residence of the Appellant during the execution of the search warrant, as being similar to items taken from his premises. Based on all of the above, we find no basis for reversal upon a claim that the verdict of the jury was contrary to the weight of the evidence.

Affirmed.

SPAETH, J., concurs in the result.