419 A.2d 1252

**COMMONWEALTH of Pennsylvania**

v.

**Nicholas KLINE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 25, 1980.

488

Alan B. Ziegler, Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and LOUIK, JJ.*

LOUIK, Judge:

The Appellant has appealed his conviction by a jury of Sale or Illegal Use of Certain Solvents. In his appeal, the Appellant questions whether the weight of the evidence is sufficient to prove that he used the chemical toluene for a purpose prohibited by the statute. The statute provides, under 18 Pa.C.S.A., § 7303, as follows:

"(a) Offense defined.—No person shall, for the purpose of causing a condition of intoxication, inebriation, excitement, stupefaction, or the dulling of his brain or nervous system, intentionally smell or inhale the fumes from any substance containing a solvent having the property of releasing toxic vapors or fumes.

(b) Exception.—Subsection (a) of this section shall not apply to the inhalation of any anesthesia for medical or dental purposes.

* Judge DONALD E. WIEAND is sitting by special designation. Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

(c) Possession prohibited.–No person shall, for the purpose of violating subsection (a) of this section, use, or possess for the purpose of so using, any substance containing a solvent having the property of releasing toxic vapors or fumes.

(d) Sale prohibited.–No person shall sell at retail, or offer to sell, to any other person any tube or other container of substance containing a solvent having the property of releasing toxic vapors or fumes, if he has reasonable cause to suspect that the product sold, or offered for sale, will be used for the purpose set forth in subsection (a) of this section.

(e) Grading.–Any person who violates any provision of this section shall be guilty of a misdemeanor of the third degree.

(f) Definition.–As used in this section, the phrase 'any substance containing a solvent having the property of releasing toxic vapors or fumes' shall mean any substance containing one or more of the following chemical compounds: acetone, acetate, benzene, butyl alcohol, ethyl alcohol, ethylene dichloride, isopropyl alcohol, menthyl alcohol, methyl ethyl ketone, pentachlorophenol, petroleum ether, or toluene."

If this issue is answered in the affirmative, the Appellant then questions whether there is sufficient evidence to prove that he acted with the criminal intent required by the statute.

 The test to be applied in reviewing the conviction . . . is whether, viewing all of the evidence at trial in the light most favorable to the Commonwealth, the verdict winner, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. Further, while it is clear that a criminal conviction may not be based upon mere speculation or conjecture, evidence may still be found sufficient even though wholly circumstantial. *Commonwealth v. Holzer*, 480 Pa. 93, 98, 389 A.2d 101, 103–104 (1978). Viewing the evidence in the

light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the following evidence was established at trial:

On April 7, 1977 at 2:48 A.M., Police Officer Roger L. Shank arrived at Summit Avenue, Cumru Township, Berks County, Pennsylvania, in the vicinity of Ridge Avenue. Upon his arrival, Shank observed a white male run toward the right side of a white Plymouth vehicle, crouch down, and drop a paper object on the ground. The individual observed by Shank was the Appellant, Nicholas Kline. Shank retrieved the paper object dropped by the Appellant and found it to be a cellophane bread wrapper and four (4) green paper towels saturated with a liquid emitting an odor which Shank believed to be paint thinner. Subsequent chemical analysis of said bread wrapper and paper towels indicated that they contained the solvent toluene. Shank further testified that defendant appeared unable to walk and had to "lean on the car". Teral Mays, the owner of the white Plymouth vehicle, was found inside the vehicle along with a gallon of Tynol paint thinner. The Appellant and Mays were arrested.

At the trial, Officer Shank testified as follows:

"Q. Officer Shank, at any time prior to your arrest of the defendant, Mr. Kline, did you see him inhale or sniff anything which is defined as a solvent?

A. No sir.

Q. Did you see him at any time purchase or attempt to purchase a solvent as defined in that section of the criminal code?

A. No, sir." (N.T., p. 8.)

Since there was no direct evidence that anyone observed the Appellant inhaling the toluene, we must consider whether there was sufficient circumstantial evidence to infer that element of the crime. The only such evidence offered related to Officer Shank's observation that the Appellant appeared unable to walk. The Commonwealth, however, made no attempt to establish that the symptoms observed by Officer Shank actually did or could have resulted from

inhaling toluene. There is no evidence to establish that the Appellant was, in fact, under the influence of toluene as opposed to alcohol or some other cause not prohibited by statute, such as a disease similar to epilepsy. The Commonwealth also failed to establish which of the statutorily proscribed effects toluene will produce and whether those effects coincided with the symptoms exhibited by the Appellant.

Toluene is a commercially available solvent having a variety of lawful, common uses. Neither possession nor use of toluene constitutes a crime unless there is evidence of intent to use it for an unlawful purpose as set forth in 18 Pa.C.S.A. § 7303. The Commonwealth has proven possession of toluene; but possession, standing alone, will not be evidence of intent to use for a proscribed purpose where the item in question is capable of being put to lawful use. *Commonwealth v. Hardick*, 475 Pa. 475, 380 A.2d 1235 (1977). Even if we accept the Commonwealth's contention that the Appellant did inhale toluene, no further evidence was introduced to prove that he did so with illegal intent. Specific intent to produce a statutorily proscribed result cannot be inferred solely from the fact that he inhaled the substance and altered his state of consciousness. Specific intent may be inferred from the accused's words and conduct attendant to the activity, but the Commonwealth introduced little or no evidence toward that end. *Commonwealth v. Crowson*, 267 Pa.Super. 46, 48, 405 A.2d 1295, 1296 (1979).

The Commonwealth did not introduce evidence to establish beyond a reasonable doubt that the appellant inhaled toluene or even acted as if he had inhaled toluene. Further, even if it is accepted that the Appellant did inhale toluene, the Commonwealth failed to introduce evidence showing that it was done with intent to produce a proscribed effect.

Judgment of sentence reversed, and Appellant discharged.

WIEAND, J., files a dissenting statement.

492

■■■■■■■■

WIEAND, Judge, dissenting:

I respectfully dissent. In my opinion, the circumstantial evidence was sufficient to permit a jury to find that appellant had inhaled the fumes of toluene for the purpose of causing a condition of inebriation. Therefore, I would affirm the judgment of sentence.