432 A.2d 1037

**COMMONWEALTH of Pennsylvania,**

v.

**Clarence LAREW, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed July 17, 1981.

Vincent J. Roskovensky, II, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

WIEAND, Judge:

Clarence Larew was tried by a jury which found him guilty of robbery and criminal conspiracy. After post-trial motions had been denied, he was sentenced to a term of not less than five nor more than ten years in prison. On direct appeal he contends (1) that the verdict was contrary to the weight of the evidence; and (2) that his trial counsel was ineffective for failing to object to the competency of a Commonwealth witness who had previously been convicted of perjury. The first contention has no merit; the second issue requires that we remand for an evidentiary hearing.

The evidence adduced at trial showed that on January 5, 1979, two men had entered the Cloverleaf Bar in Perryopolis, held a gun on the owner, and removed $650. The owner

identified appellant as one of the robbers, and appellant's brother, Russell, testified that he had driven the getaway car after appellant and his accomplice, one Robert Koster, had held up the bar. Koster also testified and implicated appellant in the commission of the crime.

The grant of a new trial on the ground that the verdict is against the weight of the evidence is generally committed to the sound discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Reidenbaugh*, 266 Pa.Super. 315, 320, 404 A.2d 697, 699 (1978); *Commonwealth v. James*, 197 Pa.Super. 110, 113–14, 177 A.2d 11, 13 (1962). Where the evidence is conflicting, the credibility of the witnesses is solely for the jury, and if its finding is supported by the record, the trial court's denial of a motion for new trial will not be disturbed. *Commonwealth v. Yohn*, 271 Pa.Super. 537, 544, 414 A.2d 383, 387 (1979); *Commonwealth v. Hayes*, 205 Pa.Super. 338, 344, 209 A.2d 38, 41 (1965). We find no abuse of discretion in the trial court's denial of a new trial on this ground.

At trial, appellant was identified positively by the owner of the bar as one of the robbers. Her prior inability to identify appellant at the preliminary hearing was for the jury to consider in weighing the credibility of her testimony. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. King*, 287 Pa.Super. 105, 429 A.2d 1121 (1981). In deciding the issue of appellant's guilt, however, the jury could also consider the testimony of Koster, the alleged accomplice, and appellant's brother, Russell.

Appellant correctly observes that both men were accomplices and that the testimony of one accomplice may not be used to corroborate the testimony of the other. See: *Commonwealth v. Bennett*, 220 Pa.Super. 378, 283 A.2d 724 (1971); *Commonwealth v. Jones*, 213 Pa.Super. 504, 247 A.2d

624 (1968). However, a defendant may be convicted on the uncorroborated testimony of an accomplice so long as the factfinder scrutinizes the testimony carefully because of its corrupt source. *Commonwealth v. Bradley*, 449 Pa. 19, 295 A.2d 842 (1972); *Commonwealth v. Richbourg*, 263 Pa.Super. 494, 398 A.2d 685 (1979); *Commonwealth v. Gordon*, 254 Pa.Super. 267, 385 A.2d 1013 (1978). In the instant case the testimony of the two accomplices was not uncorroborated. On the contrary, there was corroborative testimony by the owner of the bar which, if believed by the jury, tended to strengthen the accomplices' testimony and render it more dependable. See: *Commonwealth v. Banks*, 454 Pa. 401, 311 A.2d 576 (1973); *Commonwealth v. Turner*, 367 Pa. 403, 80 A.2d 708 (1951).

■ Appellant contends that his brother, Russell, had been convicted of perjury in another county and that trial counsel was ineffective for failing to object during trial to the competency of Russell's testimony. See: 42 Pa.C.S.A. § 5912.[1] This issue has not previously been raised. It is being raised for the first time by appellate counsel, who was appointed to represent appellant after post-trial motions had been denied and trial counsel had withdrawn. Consequently, there has been no evidentiary hearing at which appellant has had an opportunity to develop his claim of ineffective assistance of counsel. Because of the serious nature of the alleged dereliction and because there is no record from which we can determine whether trial counsel knew or should have known of the witness' conviction for perjury, we are obliged to remand for an evidentiary hearing on this issue.

It is so ordered.

1. This section of the Judicial Code provides: "In a criminal proceeding, a person who has been convicted in a court of this Commonwealth of perjury . . . shall not be a competent witness for any purpose . . . unless the proceeding is one to punish or prevent injury or violence attempted, done, or threatened to his person or property . . . ."