435 A.2d 888

**COMMONWEALTH of Pennsylvania**

v.

**Oscar RODRIQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1981.

Filed Oct. 9, 1981.

Petition for Allowance of Appeal Denied Jan. 28, 1982.

242

Charles B. Coleman, Assistant Public Defender, Reading, for appellant.

George C. Yatron, District Attorney, Wernersville, for Commonwealth, appellee.

Before SPAETH, JOHNSON and WIEAND, JJ.

WIEAND, Judge:

In separate jury trials Oscar Rodriquez was convicted of two burglaries in neighboring townships of Berks County.[1] Appeals from the separate judgments of sentence, after post trial motions had been denied, were consolidated because of the similarity of issues raised. We will consider these issues seriatim.

 The first series of issues pertain to the sufficiency [2]

1. In each case Rodriquez was found guilty of burglary and theft by unlawful taking but not guilty of theft by receiving stolen property. For sentencing purposes, the conviction for theft by unlawful taking merged in the conviction for burglary.

2. In determining the sufficiency of the evidence we are required to view the evidence and the permissible inferences therefrom in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Alston*, 269 Pa.Super. 573, 410 A.2d 849 (1979). The test is whether, accepting as true the evidence most favorable to the Commonwealth together with all reasonable inferences therefrom, the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Santiago*, 476 Pa. 340, 382 A.2d 1200 (1978); *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Kline*, 277 Pa.Super. 486, 419 A.2d 1252 (1980).

and weight[3] of the evidence. Our review of the record is persuasive, however, that in both cases the evidence was more than ample to establish appellant's guilt. A series of burglaries had occurred in North Heidelberg and Marion Townships in Berks County. Included were burglaries committed at the home of Barry Gernert and the residence of David and Judy Shappell. As a result of police investigation, it was learned that appellant, or someone similar in appearance, had occasionally been seen at or near the scene of the burglary. In one instance he had knocked on the door of a neighbor of a victim. Consequently, the investigation began to focus more closely on appellant. Ultimately it led to a residence leased by Harry Peiffer, where appellant shared a bedroom with Peiffer's daughter, Jeanie. There, a search of the premises conducted with the consent of Peiffer and his daughter, turned up various items taken in the Gernert and Shappell burglaries. Appellant, who was asleep in his girl friend's bedroom, was awakened and, after being arrested and told of his rights under *Miranda*, showed police additional items, including guns, which had been taken in the burglaries. Jewelry and coins, later identified by the victims of the burglaries, were also found in the bedroom. Appellant made inculpatory statements and, while accompanying police, identified homes which had been burglarized. Although appellant took the stand to deny that he had made any statements to police, it was for the jury to pass on the credibility of the witnesses and to accept or reject their testimony. *Commonwealth v. Weaver*, 274 Pa. 593, 418 A.2d 565 (1980); *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Luther*, 266 Pa.Super. 240, 403 A.2d 1329 (1979).

**3.** Whether the verdict was contrary to the weight of the evidence so as to require a new trial is ordinarily a question committed to the sound discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972); *Commonwealth v. Larew*, 289 Pa.Super. 34, 432 A.2d 1037 (1981). A new trial will not be granted unless the verdict is so contrary to the weight of the evidence that the denial of a new trial is an abuse of discretion. *Commonwealth v. Yohn*, 271 Pa.Super. 537, 414 A.2d 383 (1979); *Commonwealth v. Reidenbaugh*, 266 Pa.Super. 315, 404 A.2d 697 (1978).

Appellant contends, however, that the physical evidence seized at the Peiffer residence was the product of an unlawful search and should have been suppressed. He argues that the pre-trial hearing judge erred in finding that the search had been conducted with the voluntary consent of the lessee, Peiffer, and his daughter, Jeanie.

After commission of a burglary subsequent in time to the Gernert and Shappell burglaries, police had found some of the stolen items in a wooded area near the burglarized home. Because appellant was already a suspect, the home where he was living with the Peiffers was placed under surveillance. When police observed a Puerto Rican male leave with a white male in a black and white Chrysler, Trooper Seese followed. The car led him to the wooded area where the stolen goods had previously been found. The Chrysler then sped away, and Seese lost it in traffic. Later, the vehicle was again observed, and this time it was stopped. The vehicle was found to be occupied by Peiffer and his daughter. Upon inquiry, Jeanie told police that appellant was sharing a room with her in her father's home and that she had reason to believe that stolen items were to be found in the bedroom. She and her father consented to a search of the residence by police. The hearing court found that their consent was voluntary, and the evidence supports that finding. The search, therefore, was proper. It was conducted by and with the voluntary consent of persons who were authorized to give such consent. See generally: *Commonwealth v. Merbah*, 270 Pa.Super. 190, 411 A.2d 244 (1979); *Commonwealth v. Reiland*, 241 Pa.Super. 109, 359 A.2d 811 (1976).

The argument which appellant advanced most strenuously is that his trials in the cases on appeal did not take place within 180 days as required by Pa.R.Crim.P. 1100. The complaints were filed against appellant on June 16, 1978. The run date, therefore, was December 13, 1978. However, on July 7, 1978, appellant escaped from the Berks County Prison; and he was not again available in Berks County until January 29, 1979. This period must be excluded from

the time within which appellant was to be tried, for he was not then available for trial. Pa.R.Crim.P. 1100(d)(1). See also: *Commonwealth v. Goodman*, 260 Pa.Super. 266, 393 A.2d 1256 (1978). The new run date, therefore, was July 2, 1979.

Because the numerous charges against appellant entailed a possibility of nine separate trials, the Commonwealth, on March 2, 1979, filed a petition for extension of time. After hearing trial dates were set in all cases. In the two cases now on appeal, trials were to commence on June 15, 1979, and July 13, 1979. However, on May 16, 1979, appellant appeared in open court, expressed dissatisfaction with his attorney, and requested the appointment of new counsel. In order to obtain the delay needed for new counsel to be appointed and to prepare for trial, appellant, expressly and in writing, waived his right to a speedy trial under Rule 1100.[4] The waiver was as follows:

> "AND NOW THIS 16 day of May, 1979, I, Oscar C. Rodriquez, defendant in the above named cases, hereby request a continuance of trial on the above named cases waiving or giving up the right to be tried within 180 days after filing of complaint as provided by Rule 1100, the right to be released without bail if in prison and not tried within two terms of criminal court, and the right to a speedy trial. It is also understood that I, Oscar C. Rodriquez, will be given no continuance due to omnibus pre-trial motions or the like. This is a full and complete waiver of time on all the cases above named. I, Oscar C. Rodriquez, defendant in the above named cases also understand there will be no remand or further 'foot-dragging'.
>
> (signed) OSCAR C. RODRIQUEZ,
> Defendant

**4.** The Commonwealth's brief suggests that there was also a colloquy conducted by the court which explained to appellant the rights which he was waiving. If this be correct, the colloquy was either not transcribed, or, having been transcribed, was filed in one of the other actions in which appellant was a defendant. It does not appear among the record documents sent to this Court in the matters now being reviewed.

"I certify that I have read this verbatim to the defendant and he has indicated to me that he understands the within waiver and conditions, therein, and that he wishes to knowingly, willingly and voluntarily give up the afore-mentioned rights.

BERTRICE LANGDON"[5]

On July 27, 1979, appellant filed an application under Rule 1100(f) for dismissal of the charges against him. That request was denied, and appellant was tried in the cases now being reviewed on August 13 and September 19, 1979.

The waiver, executed by appellant for his own benefit, i. e. to obtain a delay within which to procure new counsel, was a knowingly and intelligent waiver of his right to be tried within the time constraints of Rule 1100. In *Commonwealth v. Myrick*, 468 Pa. 155, 161, 360 A.2d 598, 601 (1976), the Supreme Court, in a unanimous opinion authored by Justice Roberts, considered the requirements of a waiver of Rule 1100 and said:

"Rule 1100 is a rule of criminal procedure designed to implement and protect a defendant's constitutional right to a speedy trial. Its particular terms, however, are neither directly granted by nor required by the Constitution. Nevertheless, the basic requirements for making a valid waiver of constitutional rights, as outlined above, are instructive in our consideration of the validity of a claimed waiver of the protections of rule 1100. Thus a waiver which would be formally adequate to waive a constitutional right would, *a fortiori*, be sufficient under the Federal Constitution to waive the protection of rule 1100. In this case the record contains not only an on-record colloquy but also a statement signed by the defendant and endorsed upon the indictment indicating the defendant's willingness that trial time be extended. Thus the Commonwealth's claim that appellant waived the protection of rule 1100 is formally valid, for *either the colloquy or the signed statement would by themselves be sufficient*

---

**5.** Although the identity of Beatrice Langdon is not clear from the record, the briefs of counsel refer to her an an interpreter.

*record indication that the waiver was, prima facie, informed and voluntary."* (Emphasis added.)

See also: *Commonwealth v. Thompson,* 262 Pa.Super. 211, 396 A.2d 720 (1978).

■ The written waiver in the instant case was not a form waiver. Compare: *Commonwealth v. Manley,* 491 Pa. 461, 421 A.2d 636 (1980); *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978). It explained the right which appellant was surrendering, and appellant acknowledged that he understood the nature of the express waiver which he had signed. See: *Commonwealth v. Scott,* 272 Pa.Super. 236, 414 A.2d 1095 (1979). Appellant voluntarily surrendered his right to a speedy trial under Rule 1100 in order that a continuance would be granted to permit new counsel to be appointed and prepare for trial. He will not now be heard to say that he did not understand the waiver of his right to a speedy trial and then take advantage of the very delay which he caused in order to obtain a dismissal of the charges.

■ We are also of the opinion that it is unnecessary to require, at least under the circumstances of this case, that appellant's waiver be consented to in writing by his counsel. The waiver was executed when appellant, approximately a month before trial, requested a continuance and the appointment of new counsel. The waiver and its effect were explained to appellant, and he acknowledged an understanding thereof. To require consent by counsel with whom appellant had already expressed dissatisfaction would have contributed little or nothing to the intelligent nature of the waiver. Moreover, this Court has invariably approved written waivers signed alone by criminal defendants who have requested continuances in order to procedure the services of counsel. See: *Commonwealth v. Scott,* supra; *Commonwealth v. Dalahan,* 262 Pa.Super. 615, 396 A.2d 1340 (1979).

We conclude, therefore, that appellant knowingly, voluntarily, and intelligently waived his right to a speedy trial under Rule 1100.

During the trial in which appellant was charged with burglarizing the Shappell residence, (No. 1537 Philadelphia 1980), the District Attorney twice asked defense counsel if he wanted to have a police witness's handwritten notes read into the record. Appellant contends that these statements implied appellant's involvement in other offenses and that the trial court was in error in denying motions for mistrial. The grant of a mistrial lies within the sound discretion of the trial judge. *Commonwealth v. Krasner*, 285 Pa.Super. 389, 427 A.2d 1169 (1981); *Commonwealth v. Stokes*, 279 Pa.Super. 361, 421 A.2d 240 (1980); *Commonwealth v. Seigrist*, 253 Pa.Super. 411, 385 A.2d 405 (1978). In the instant case, the trial judge did not abuse his discretion. Appellant's averment that the brief comments of the prosecuting attorney implied that appellant had been involved in other crimes is not warranted. We also find unsupported and without merit the argument that the prosecuting attorney was unauthorized to represent the Commonwealth in the trial for burglarizing the Shappell home.

Finally, appellant urges us to remand for resentencing because the judge failed to state adequate reasons in support of the sentence. This argument is frivolous. The record clearly shows that the judge complied with the standards set forth in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

The judgments of sentence are affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge Dissenting:

The majority concludes that appellant executed a voluntary and intelligent waiver of his Rule 1100 rights because the written statement he signed "explained the right which [he] was surrendering, and [he] acknowledged that he understood the nature of the express waiver which he signed." At 892. Since I can find no basis for this conclusion, I dissent.

The waiver form that appellant signed read:

AND NOW THIS 16 day of May, 1979, I, Oscar C. Rodriquez, defendant in the above named cases, hereby request a continuance of trial on the above named cases waiving or giving up the right to be tried within 180 days after filing of complaint as provided by Rule 1100, the right to be released without bail if in prison and not tried within two terms of criminal court, and the right to a speedy trial. It is also understood that I, Oscar C. Rodriquez, will be given no continuance due to omnibus pre-trial motions or the like. This is a full and complete waiver of time on all the cases above named. I, Oscar C. Rodriquez, defendant in the above named cases also understand there will be no remand or further "foot-dragging".

(signed) OSCAR C. RODRIQUEZ
Defendant

I certify that I have read this verbatim to the defendant and he has indicated to me that he understands the within waiver and conditions, therein, and that he wishes to knowingly, willingly and voluntarily give up the aforementioned rights.

BEATRICE LANGDON

In *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), the Supreme Court concluded that the defendant had not validly waived his Rule 1100 rights when he signed the following:

I am aware and have been advised of the implications and consequences of the above application and (have/do not have) objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court.

*Id.*, 477 Pa. at 406, 383 A.2d at 1271.

The Court "refuse[d] to find waiver" because this statement "offer[ed] no explanation of what the right to speedy trial involves . . . ." *Id.*, 477 Pa. at 407, 383 A.2d at 1271 (footnote omitted). In *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980), the Supreme Court concluded that the

defendant "did not intend a blanket waiver of his Rule 1100 Rights" when he signed a statement that

> I hereby certify that on [December 9, 1974], Hon[orable] Alex Bonavitacola orders case cont[inued] to January 27, 1975 [in] Room 625. Def[endant's] att[orney] on trial in Fed[eral] Court . . . I, the defendant, waive the 270 day rule and as to speedy trial.

*Id.*, 491 Pa. at 468, 421 A.2d at 640 (footnote omitted). The Court said:

> On this record, we cannot conclude that the December 9 waiver evidences an *intelligent* decision by appellant to waive his Rule 1100 rights in toto. As in *Commonwealth v. Coleman, supra*, the statement signed by appellant contains no indication that he understood the nature and scope of the right which he was waiving. Although an on-the-record colloquy is not necessary, we do require proof that the defendant understood the consequences of his act.

*Id.*, 491 Pa. at 469–69, 421 A.2d at 640 (footnote omitted).

I do not find, and the majority does not identify, any information that was provided appellant with regard to his Rule 1100 rights that was not included in the waiver statements in *Commonwealth v. Manley, supra*, and *Commonwealth v. Coleman, supra*. Appellant was not, for instance, informed that if the Commonwealth failed to prosecute him within the period required by the rule, he would be entitled to a discharge; nor, in language that he—or anyone else—could understand, how long it would be until he was brought to trial. Moreover, the form was inaccurate; appellant, "as provided by Rule 1100," was *not* entitled to be tried within 180 days from the filing of the complaint against him. His trial could commence much later than 180 days from the date the complaint was issued. A continuance had been granted to the Commonwealth, and appellant had escaped. The Rule 1100 clock was stopped by both of these events.

Contrary to the majority's statement, the form signed by appellant "explained" nothing. It merely recited, in vague,

inconsistent, and inaccurate language, rights that appellant was purportedly waiving.

I have one other comment. Not only did the form signed by appellant fail to explain the rights being waived by appellant, but it needlessly included language that was demeaning and inappropriate to so important a document as a statement of waiver, and that could only have served to cloud appellant's understanding. There was no reason, let alone basis in authority, to include the statements: "I [ ] will be given no continuance due to omnibus pre-trial motions or the like," or, "I ... understand there will be no remand or further 'foot-dragging.' "

The judgment of sentence should be reversed and appellant ordered discharged.