## Commonwealth v. Pless

*Barry Gross,* assistant district attorney for Commonwealth.

*Joseph E. Hagan,* for defendant.

KELLY, *J.,* May 27, 1982—On August 28, 1981, defendant, Gregory Pless, was found guilty of robbery, theft by unlawful taking or disposition, and simple assault. Subsequently he filed post-trial motions in arrest of judgment and for a new trial.

In his brief in support of these post-trial motions, defendant contends that the trial court erred in refusing to grant the challenge for cause of a potential juror made by defendant. Defendant alleges that because the challenge for cause was not granted he was forced to use one of his peremptory challenges

on this juror. Defendant claims that because of the cumulative effect of three facts about the juror: (1) the Folcroft Chief of Police was a relative, (2) a cousin was recently a victim of crime and (3) her mother was on a jury which heard another of defendant's cases in the previous two days, the juror should have been stricken from the jury for cause.\*

The Superior Court has stated that there are two situations in which potential jurors should be kept off the jury:

"(1) when the potential juror has such a close relationship, be it familial, financial or situational, with parties, counsel, victims or witnesses, that the court will presume the likelihood of prejudice; and (2) when the potential juror's likelihood of prejudice is exhibited by his conduct and answers to questions at *voir dire*."

Commonwealth v. Colon, 223 Pa. Super. 202, 205-06, 229 A.2d 326, 327 (1972).

The facts alleged about the juror stricken in this case do not rise to the level that would have required the trial court to have removed the potential juror for cause. See also, Commonwealth v. Yohn, 271 Pa. Super. 537, 540-41, 414 A.2d 383, 385 (1979).

Other contentions made by defendant are without merit.

For all of the above reasons defendant's motions in arrest of judgment and for a new trial are denied.

---

\* This issue was not raised in any way at trial.