## Commonwealth *v.* Watkins, Appellant.

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John P. Campana,* with him *Campana & Campana,* for appellant.

*Allen E. Ertel,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 22, 1975:

On October 10, 1972, appellant Robert E. Watkins was involved in an automobile accident in Old Lycoming Township, Pennsylvania. Shortly after the accident, Officer Gary Soellner arrived on the scene and observed appellant behind the wheel of one of the wrecked vehicles. The key in the ignition was turned to the "on" position, the oil and generator lights were on, the headlights were on, but the engine was not running. Appellant's lip was badly cut, and a strong odor of alcohol was evident on his breath. Appellant was not formally placed under arrest, but was advised of his Constitutional rights and was transported by ambulance to a local hospital for treatment. While at the hospital, appellant was administered a blood test which revealed a blood alcohol level of .26%, a level which gives rise to a legal presumption of intoxication.[1] Appellant was charged with driving while under

---

1. Act of 1959, April 29, P.L. 58, §624.1, added 1961, July 28, P.L. 918, §1, as amended 1968, July 31, P.L. 758, No. 237, §1; 1969, December 22, P.L. 392, §1.

the influence of intoxicating liquor. After the timely filing by appellant of a petition to suppress the results of the blood alcohol test, a suppression hearing was held on June 26, 1973. The petition to suppress was denied, and on October 8, 1973, after a trial before a judge sitting without a jury, appellant was found guilty. On August 26, 1974, a sentence of sixty days imprisonment and a $200.00 fine was imposed. Appeal was taken to this Court from the judgment of sentence.

Appellant argues in this appeal that the lower court erred in refusing to suppress the results of the blood alcohol test, since the evidence was the "fruit" of an illegal arrest, which arrest allegedly was illegal because made by a police officer without a warrant for a misdemeanor not committed in his presence. Because we find that appellant consented to the test, there is no need for us to decide the issue of the legality of the arrest.

The Supreme Court of the United States has made it clear that one of the specifically-established exceptions to the requirements of both a warrant and probable cause for a search is the situation wherein a person has consented to the search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973) ; *Davis v. United States*, 328 U.S. 582, 66 S. Ct. 1256, 90 L. Ed. 1453 (1946) ; *Zap v. United States*, 328 U.S. 624, 66 S. Ct. 1277, 90 L. Ed. 1477 (1946). The issue of whether consent has been voluntarily given is a question of fact which must be determined in each case from the totality of the circumstances. *Schneckloth, supra.* In *Commonwealth v. Kelly*, 235 Pa. Superior Ct. 299, 341 A.2d 141 (1975), this Court reviewed a conviction for driving while under the influence, where an appellant who was illegally arrested consented to take a breathalyzer test. We found that the record revealed no evidence that the appellant had been coerced into consenting to the test, and we therefore affirmed the conviction. In the case before us, appellant Robert E. Watkins admitted at the suppression

hearing that he consented to having one of the medical people at the hospital withdraw some of his blood for testing purposes. There was some disagreement between appellant and the arresting officer as to whether a medical person or the police officer requested the test; however, since appellant testified that he had consented to the test, and since there is nothing in the record to indicate that appellant's consent was not freely given, we find that the lower court properly denied appellant's petition to suppress the results of the blood alcohol test.

Judgment affirmed.

CERCONE, J., concurs in the result.

———

CONCURRING OPINION BY SPAETH, J.:

The majority opinion states that the suppression motion was properly denied since appellant testified he had consented to the blood test and "since there is nothing in the record to indicate that appellant's consent was not freely given." However, it is not appellant's burden to prove that his consent was not freely given; it is the Commonwealth's burden to prove that it was freely given. *Bumper v. North Carolina*, 391 U.S. 543 (1968); *Commonwealth v. Davenport*, 453 Pa. 235, 242, 308 A.2d 85, 88 (1973).

Nevertheless, Officer Soellner, who was with appellant at the hospital, testified that he asked appellant whether he would be willing to consent to a blood test, and explained that appellant did not have to consent to the test, and that appellant thereupon gave his consent. Furthermore, appellant responded affirmatively when asked by the district attorney at the suppression hearing whether any blood he gave on the night in question was given freely. Consequently, I conclude that the Commonwealth met its burden of proof, and I therefore concur in the majority's finding that appellant consented to the blood test.

WATKINS, P.J., and HOFFMAN, J., join in this opinion.