411 A.2d 244

**COMMONWEALTH of Pennsylvania**

v.

**Michael MERBAH, Appellant.**

Superior Court of Pennsylvania.

Argued June 6, 1979.

Filed Sept. 28, 1979.

Carol K. McGinley, Assistant Public Defender, Allentown, for appellant.

Ann I. Keck, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before PRICE, GATES * and DOWLING,*, JJ.

DOWLING, Judge:

The appellant, Michael Merbah, seeks review of his conviction in the court below of several offenses [1] arising out of an armed robbery of a Seven-Eleven store. Shortly after the crime had been committed, the police stopped a van

---

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

[1]. Appellant was convicted of theft, receiving stolen property, and one count of possessing a prohibitive offensive weapon; the Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3901 et seq.; 18 Pa.C.S.A. § 3925; 18 Pa.C.S.A. § 907, respectively.

194

occupied by the appellant and his accomplices in response to a police radio broadcast stating that a van of similar description had been identified near the scene of the crime. Appellant submits that this police action was constitutionally infirm in that there was insufficient evidence of probable cause to justify an investigative stop. The question of whether probable cause existed is not necessarily dispositive of appellant's claim. The United States Supreme Court has suggested that even in the absence of probable cause, an individual may be stopped and briefly detained provided the investigating officer can point to specific and articulable facts which in conjunction with rational inferences deriving therefrom reasonably warrant the intrusion. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 329 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Murray*, 460 Pa. 53, 331 A.2d 414 (1975).

A police radio communication alerting officers to a particularly described vehicle which was reasonably believed to be connected with criminal activity constitutes sufficient specific and articulable facts to render a warrantless stop of the vehicle reasonable under the circumstances. See, *Commonwealth v. Jones*, 233 Pa.Super. 461, 335 A.2d 789 (1975).

The appellant also challenges the validity of the police pat-down of his outer garments, carried out as the appellant emerged from the immobilized van. For essentially the same reasons that persuaded us to uphold the preceding investigative stop, we are convinced that the police were entitled under the well known rule of *Terry v. Ohio*, supra, to conduct a limited frisk of the appellant's outer clothing for the purpose of discovering dangerous instrumentalities. In this connection, it is important to note that the officers had been informed by the radio communication that the robbery suspects were armed with at least a .45 caliber handgun and that the appellant was found to be in possession of switchblade knife.

Appellant further argues that assuming arguendo that the initial stop of the van was justified, the additional intrusion consisting of the search of the van's interior was illegal. The record of the proceedings below reveals that one of the officers ascertained the ownership of the van and requested permission from the owner to search it. The appellant contends that any consent that may have been given was the product of coercion and duress due to the presence of six armed policemen.

This issue is not properly before us because the appellant lacks standing to contest the lawfulness of the search of the van.[2] However, for the purpose of conserving the judicial resources which would be consumed by further appeal, we hasten to add that the claim is without merit. It is well settled that the voluntariness of consent to search is a question of fact which must be determined from the totality of the circumstances prevailing in each particular case. *Commonwealth v. Watkins*, 236 Pa.Super. 397, 344 A.2d 678 (1975). In the instant matter, Officer McLean testified his gun was drawn but pointed down as he approached the van. No other officer had his revolver drawn. The lower court failed to be convinced that the approach by the officers en masse towards the van created in itself a coercive atmosphere such as would render the subsequent consent involuntary. Since no additional evidence tending to establish duress or a weakening of the will to refuse consent was presented, the lower court found the search conducted pursuant to such consent as was given to be lawful. We agree. Great deference should be given to the lower court's decision in light of its unique opportunity to observe the witnesses' demeanor and thereby assess credibility.

The appellant next assigns error to the trial court's admission into evidence of a prosecution witness' written

---

**2.** It is fundamental that a defendant whose own privacy interest was not violated by the search and seizure which produced the damaging evidence is without standing to challenge its admissibility. *Commonwealth v. Ross*, 452 Pa. 500, 307 A.2d 898 (1973).

statement which was thereafter sent out with the jury. Prior to the admission of the statement, the appellant succeeded in having it read into the record in an effort to impeach the witness' trial testimony. On re-direct, the Commonwealth sought and was permitted to introduce the statement into evidence because it contained prior consistent, as well as inconsistent statements by the witness, the former of which proved helpful to the prosecution's case. Whether an exhibit should be allowed to go out with the jury during its deliberation is within the sound discretion of the trial judge. *Commonwealth v. Pitts*, 450 Pa. 359, 301 A.2d 646 (1973); Pa.R.Crim.P. 1114. In the case at bar there was no abuse of discretion. Since the appellant himself placed the evidence in question before the jury, it is difficult to understand how he sustained prejudice by the jury's removal of the statement to their deliberation chambers. For the same reason, appellant's complaint in regard to the statement's admission is equally groundless. The appellant's reliance on *Commonwealth v. Russell*, 456 Pa. 559, 322 A.2d 127 (1974) is misplaced. The present case is distinguishable in that *both* parties shared an interest in having the evidence admitted, whereas in *Commonwealth v. Russell*, supra, the exhibit was permitted in evidence solely for prosecution purposes.

 Finally, appellant contends that his convictions for theft and receiving stolen property should be vacated because of alleged inconsistency with the verdict in regard to a co-defendant. This contention has no merit. Consistent verdicts are not required provided that there is sufficient evidence to support the verdict reached. *Commonwealth v. Stegmaier*, 247 Pa.Super. 159, 371 A.2d 1376 (1977). The evidence adduced at trial, particularly in regard to the different roles played in the robbery by appellant and his co-defendant justified the disparate verdicts, and thus they will not be disturbed.

Judgment affirmed.