## Commonwealth v. Weldon

*Robert Martin Falin, deputy district attorney,* for Commonwealth.

*Timothy Peter Wile, assistant public defender,* for defendant.

SMYTHE, *J.,* June 30, 2010—

## INTRODUCTION

This is Ronnie Weldon's appeal to the Superior Court of Pennsylvania from our final order denying an amend-

34

ed petition filed by appointed counsel under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§9541-9546. The petition challenged Weldon's conviction after trial before this court sitting without a jury of multiple violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-113(a)(16), (30)-(32), and related conspiracy.

## RELEVANT FACTS

Pursuant to a warrant under seal issued by a judge of this court, police executed searches of two separate properties in Montgomery County owned by or associated with the defendant Ronnie Weldon and two automobiles located at one of the properties. At Weldon's residence police found Weldon and his girlfriend Margaret Lowe as well as the two automobiles referred to in the warrant. Lowe also identified another car found on the premises as hers, and Weldon denied ownership. Police sought and obtained Lowe's oral and written consent to search her car. Searches of the car and residence turned up a total of 219.6 grams of cocaine. Police arrested Weldon and Lowe on drug charges At an interview after arrest, Weldon admitted to police that the drugs in the house were his and initially said the drugs in the car were an unidentified male's, but then took the "blame" for them so Lowe wouldn't. (Hr'g mot. suppress 57-61, Mar. 24, 2006.)

## RELEVANT PROCEDURAL HISTORY

Weldon, represented by counsel, filed a motion to suppress the fruits of the search(es) and of a later interception, pursuant to a separate warrant, of his telephon-

ic communications emanating from jail. After hearing, the court denied the motion for suppression, placing reasons on the record for our disposition.

Following a bench trial the court found Weldon guilty of possessing cocaine, possessing it with intent to deliver, possessing drug paraphernalia, and criminal conspiracy. The Commonwealth gave notice of its intent to seek the mandatory minimum sentence under 18 Pa.C.S. §7508(a)(3)(iii) of seven years in prison and a $50,000 fine for Weldon's possession for sale of over 100 grams of cocaine and having been convicted of another drug trafficking offense. (Commw. not. intent seek mandatory 7 year sentence paras. 1-3.) On March 1, 2007, this court sentenced Weldon to the mandatory seven to 14 years in prison, see 42 Pa.C.S. §9756(b) (requiring minimum sentence of total confinement not to exceed one-half the maximum imposed), with lesser concurrent sentences for conspiracy and paraphernalia. (Crim. docket 5-6.) Weldon received 639 days credit for time served. (Crim. docket 5.)

Weldon, represented by counsel other than trial counsel, filed a notice of appeal to the Superior Court of Pennsylvania. Under Pa.R.A.P. 1925(b) (prior to 2007 amendment), we directed him to file and serve a concise statement of the matters complained of on appeal. Counsel filed a 1925(b) statement raising the following issue.

"The trial court erred in failing to suppress the admissibility of drugs found during the search of a car located on the or near the premises of the defendant's girlfriend's home at [an address omitted by the court]. The defendant believes that the record in this matter clearly shows that the drugs resulting in his conviction were found in a

vehicle that did not belong to him. Additionally, the search warrant used for the search of the home made no mention of a car. There were no exigent circumstances to justify the warrantless search of the vehicle. The search of the vehicle was illegal and the evidence found in the car should have been suppressed. The defendant further believes that all evidence collected by the Commonwealth subsequent to the illegal search of the car, including defendant's telephone discussions that were recorded while he was an inmate at the Montgomery County Correctional Facility[,] should have been regarded as 'fruits of a poisonous tree' and suppressed because the evidence used to place him in custody was obtained illegally." (Concise statement 1-2.)

In our opinion on direct appeal addressing Weldon's claim for suppression raised in the 1925(b) statement, we referred to findings of fact and conclusions of law we had entered on the record under Pa.R.Crim.P. 581(I) after taking testimony about the search of the car at the hearing on suppression. (Hr'g mot. suppress 33-36.) Basically those findings and conclusions were as follows. Weldon disclaimed any possessory interest in the car. His girlfriend at first denied ownership, then admitted the car was hers. The police then obtained her valid consent to a search of the car, both orally and in writing, after explaining she was free to refuse consent.

We wrote that in the 1925(b) statement on appeal, Weldon did not challenge the ownership of the car or the validity of his girlfriend's consent to search the car. We found he conceded, "[T]he record in this matter clearly shows that the drugs resulting in his conviction were found in a vehicle that did not belong to him." (Concise

statement 1.) We thus found that Weldon lacked standing to contest the lawfulness of the consensual search of the car, citing *Cornmonwealth v. Merbah,* 270 Pa. Super. 190, 411 A.2d 244 (1979) (holding defendant lacked standing to contest voluntariness of an accomplice's consent to search a van), which stated the rule as, "It is fundamental that a defendant whose own privacy interest was not violated by the search and seizure which produced the damaging evidence is without standing to challenge its admissibility," *id.* at 195 n.2, 411 A.2d at 247 n.2, and that, "It is well settled that the voluntariness of consent to search is a question of fact which must be determined from the totality of the circumstances prevailing in each particular case," *id.* at 195, 411 A.2d at 247. We found that Margaret Lowe had voluntarily and validly consented to the police search of her car, and that Weldon did not even dispute this finding.

We also wrote that the observations made in Weldon's concise statement that the car was not mentioned in the search warrant and that no exigent circumstances existed to justify a warrantless search were irrelevant. The court found a lawful consensual search. In such circumstances a warrant to search the car or exigent circumstances were unnecessary to validate the search.

We also found that our discussion of this issue dispensed with the claim that Weldon's telephone conversations recorded in prison should have been suppressed as fruits of a poisonous tree. As the tree itself the consensual search of the automobile was not poisonous, fruits of the search in the form of the electronically intercepted communications likewise were not, and thus they were properly not suppressed also.

38

In its opinion on the direct appeal from the judgment of sentence, the Superior Court quoted the sole issue framed in Weldon's appellate brief as follows: "Did the trial court err in denying [Weldon's] motion to suppress the evidence seized from his codefendant's car?" *Commonwealth v. Weldon,* no. 818 EDA 2007, slip op. at 3 (Pa. Super., Aug. 28, 2008) (mem.) The Superior Court, adopting the Commonwealth's argument, held that the claim on appeal was waived under *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), for not having been raised in the concise statement under rule 1925, as follows:

"We conclude that Weldon has waived his claim that the trial court erred in denying his suppression motion on the basis that the evidence failed to demonstrate that he constructively possessed the drugs found in his girlfriend's vehicle. Because Weldon did not raise this claim in his concise statement, he cannot now raise it on appeal. Accordingly, Weldon is not entitled to relief on this claim." Slip op. at 4.

Within a year of the Superior Court's decision, on January 27, 2009, Weldon pro se filed his motion for post-conviction collateral relief under the Post Conviction Relief Act. Pursuant to Pa.R.Crim.P. 904(C), we appointed counsel, the Montgomery County Public Defender's office, to assist Weldon on his first post-conviction petition. Assistant Public Defender Timothy Peter Wile filed an amended petition on Weldon's behalf.

In the amended petition, the public defender raised issues that basically center around appellate counsel's alleged ineffective representation in waiving the issue on appeal. Since the amended petition's claims about

what issues appellate counsel should have raised are vague, it is unclear whether the public defender sought to label appellate counsel ineffective for not properly preserving in Superior Court the issue that court found waived (suppression should have been granted due to insufficient evidence to prove constructive possession of the drugs seized from Weldon's girlfriend's car), or for not properly pursuing in Superior Court the issue appellate counsel raised in the 1925(b) statement that this lower court found meritless (suppression should have been granted for the warrantless, albeit consensual, search of the girlfriend's car). In any event, as relief the amended petition sought the reinstatement of Weldon's direct appellate rights.

This court ordered the Commonwealth to respond to the amended petition. The Commonwealth responded with an answer and motion to dismiss the petition.

After considering the petition, the record, and the Commonwealth's response, together with our own independent recollection of the facts and record, we issued a notice under Pa.R.Crim.P. 907(1) of our intent to dismiss the petition without a hearing, based on our finding pursuant to the rule that there were "no genuine issues concerning any material fact and that the defendant [was] not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). We then, under the rule, gave our reasons for the proposed dismissal as follows:

"[T]he amended petition centers around trial and direct appellate counsel's alleged ineffectiveness in failing to preserve Weldon's direct appellate rights to raise properly the issue of suppression in the Superior Court of

Pennsylvania, which found the issue to have been waived. However, this lower court, in its opinion on the direct appeal pursuant to Pa.R.A.P. 1925 (prior to 2007 amendment), addressed the issue of suppression on the merits, and found those merits to be lacking. Therefore, no purpose would be served by further proceedings on the matter." (Notice intent dismiss post-conviction pet. without hearing 1.)

On November 25, 2009, we entered our final order dismissing the post-conviction petition pursuant to Pa.R.Crim.P. 907(4). On December 21, 2009, Weldon, though still represented by appointed counsel under Pa.R.Crim.P. 904(F)(2), filed in this court a "pro-se petition for remand for appointment of new post-conviction relief act counsel." On December 22—according to the clerk of courts' time stamp on the document Weldon also filed pro se a "notice of appeal to the 'Superior' Court of Pennsylvania." The pro se "notice of appeal" did not contain proof of service on the Commonwealth, this judge, the court reporter, or the court administrator, as required by Pa.R.A.P. 906(a)(1)-(4), respectively. Nor did the notice otherwise comply with the requirements of Pa.R.A.P. 904 respecting the contents of a notice of appeal. The clerk of courts did not "docket" the notice of appeal until January 11, 2010, and at that time transmitted it to the undersigned under the clerk's own handwritten caption "request for leave to continue IFP on appeal to superior court."

In any event, we granted leave to proceed in forma pauperis, though no separate motion labeled as such had been filed. As for the "pro-se petition for remand for appointment of new Post-Conviction Relief Act counsel," we, on February 25, 2010, wrote:

"Upon considering the petition of Ronnie Tyree Weldon for remand for appointment of new counsel under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§9541-9546, this court's having on November 25, 2009, denied the amended post-conviction petition filed by counsel we appointed pursuant to Pa.R.Crim.P. 904, we hereby deny the request for remand as an impossibility. We have no jurisdiction over a request for remand. See Pa.R.A.P. 1701. Weldon should address any request for remand to the Superior Court of Pennsylvania.

"Counsel's appointment continues throughout the post-conviction proceedings, including appeal, if any. Pa.R.Crim.P. 904(F)(2) ('When counsel is appointed ... (2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.'). The clerk of courts shall forward any further documents submitted by Weldon himself to his appointed counsel of record, Timothy Peter Wile, in accordance with Pa.R.Crim.P. 576(A)(4) ('In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.')." (Order sur pet. remand 1-2.)

Apparently, the pro se notice of appeal and petition for remand also made their way to the Superior Court of

42

Pennsylvania, though they had never been properly served in this court below, by either Weldon or the clerk of courts. On March 22, 2010, the Superior Court entered an order on Weldon's pro se petition for remand for appointment of new counsel the substance of which essentially ratified our earlier handling of the petition. The Superior Court denied the petition for remand, citing the provisions of the rules that make the appointment of an attorney effective throughout the post-conviction proceedings, including any appeal, unless the court has allowed the attorney to withdraw. The court also ordered the Montgomery County Public Defender's office to comply with the rules by entering an appearance in the appeal on Weldon's behalf within 10 days of the order.

On April 14, 2010, we received a letter from Wile of the public defender's office acknowledging the Superior Court's directive. Enclosed with the letter was a copy of Wile's entry of appearance in the Superior Court.

Although reasons for our order denying Weldon's post-conviction petition appear in our notice of intent to dismiss the petition under Pa.R.Crim.P. 907(1) and in our original opinion on Weldon's direct appeal, thus satisfying our obligations under Pa.R.A.P. 1925(a)(1), we supplement those reasons with this opinion explaining our ruling and specifying the place in the record where such reasons may be found. Basically, our decision to deny post-conviction relief reflected our belief that direct appellate counsel could not have been ineffective for not properly raising or preserving on appeal the claim(s) for suppression of evidence that were either raised or found waived, because such a claim was lacking in merit, and this court so found.

## PRESENT ISSUE

Was direct appellate counsel ineffective for not properly raising or pursuing on appeal the claim that the drugs seized from Weldon's girlfriend's car should have been suppressed as the result of an illegal search and seizure? No, we respectfully suggest the Superior Court should rule.

## DISCUSSION

We have been hampered preparing this opinion by the vagueness of counsel's amended petition in specifying exactly what aspect of direct appellate counsel's performance is claimed to have denied Weldon his constitutional right to effective representation. Despite lack of clarity in the thrust of the amended petition, the only specific relief sought is restoration of Weldon's post-sentence and appellate rights (am. pet. para. 6) so we have distilled the allegations of appellate counsel's ineffectiveness into the following: (1) appellate counsel was ineffective in not filing post-sentence motions under Pa.R.Crim.P. 720 to raise trial counsel's ineffectiveness; (2) appellate counsel was ineffective in preparing the concise statement of matters complained of on appeal, resulting in the Superior Court's ruling that the issues on appeal were waived; (3) appellate counsel was ineffective in preparing the advocate's brief on appeal, resulting in the Superior Court's finding of waiver. (Am pet. para. 6(a)-(c).) Albeit these issues are devoid of any specific claims appellate counsel is alleged to have been ineffective in not presenting to the appellate court, we will nonetheless attempt to address them.

44

The claim appellate counsel was ineffective for not filing post-sentence motions challenging trial counsel's ineffectiveness is meritless. Post-sentence motions under Pa.R.Crim.P. 720 are optional, and the failure to file them does not alone result in the waiver of issues on appeal. See *Commonwealth v. Holzlein,* 706 A.2d 848 (Pa. Super. 1997). Moreover, the amended petition does not give any specific examples of what instances of trial counsel's ineffectiveness appellate counsel should have raised in post-sentence motions or on direct appeal. "Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This court will no longer consider claims of ineffective assistance of counsel in the abstract." *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1980). There is no ground for finding appellate counsel ineffective for not filing post-sentence motions.

The Post Conviction Relief Act provides for relief based on "[t]he improper obstruction by government officials of the petitioner's right of appeal *where a meritorious appealable issue existed and was properly preserved in the trial court."* 42 Pa.C.S. §9543(a)(2)(iv). (emphasis added) To be entitled to relief under the Act based on ineffectiveness of counsel, the petitioner must plead and prove that the conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, *so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."* 42 Pa.C.S. §9543(a)(2)(ii). (emphasis added) As Weldon has not

offered to and cannot prove, among other things, either the existence of a meritorious appealable issue that was properly preserved in the trial court or ineffectiveness of counsel that so interfered with the truth-determining process that no reliable finding of guilt or innocence could have taken place, he is not entitled to relief under the Act.

"To merit relief based on an ineffectiveness claim under the PCRA, a petitioner must show that such ineffectiveness 'in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.' 42 Pa.C.S. §9543(a)(2)(ii). We have interpreted this standard to require a petitioner to prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice . . . . To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different . . . . A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Cook*, 597 Pa. 572, 604-605, 952 A.2d 594, 613-14 (2008). (footnote omitted) (citations omitted)

The appellate courts "will not consider abstract allegations of ineffectiveness; a specific factual predicate must be identified to demonstrate how a different course of action by trial counsel would have better served [the petitioner]'s interest." *Id.* at 605, 952 A.2d at 614. "A failure to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim." *Id.*

Weldon's claims that direct appellate counsel was ineffective on appeal fail because they are highly abstract, identifying no specific factual predicate to demonstrate how a different course of action by counsel would have led to a different result. Perforce, Weldon cannot show that counsel's actions or inactions prejudiced him, and his amended petition therefore flunks the third prong of the test for ineffectiveness, and was properly dismissed for that reason.

The second paragraph of the amended petition's tripartite claim of ineffectiveness alleges appellate counsel was ineffective for negligently preparing the concise statement of matters complained of on appeal, resulting in the Superior Court's finding of waiver of the issues on appeal. (Am. pet. 6(b).) Presumably, this argument is meant to convey that counsel should have prepared the statement in a manner that would have preserved for appeal the issue the Superior Court found waived. That issue, as rendered by the Superior Court, was, "Did the trial court err in denying [Weldon's] motion to suppress the evidence seized from his codefendant's car?" *Commonwealth v. Weldon,* slip op. at 3. Apparently based on the development of this issue in the appellate brief, the Superior Court interpreted the argument to be that we erred in denying Weldon's motion for suppression because the evidence failed to demonstrate that he constructively possessed the drugs found in his girlfriend's vehicle. *Id.* at 4. This argument is meritless. A detective testified at the hearing on suppression, and we found, that in an interview after arrest Weldon admitted that the cocaine the police had found in the house was his and initially said the cocaine in his girlfriend's car was an unidentified male's, but then took the "blame" for it so

his girlfriend wouldn't. (Flr'g mot. suppress 57-61, Mar. 24, 2006.) This demonstrates knowledge of the cocaine in the car, and establishes an inference of constructive possession of the drugs in the car of the same type as were found in the house, which were admittedly his. In any event, no matter who possessed them, there was no basis to suppress the drugs seized from the search of the car, to which the girlfriend had validly consented. Appellate counsel cannot have been ineffective for not properly preserving in the concise statement the issue the Superior Court found waived on appeal, because the underlying issue had no merit. "[A]ppellate counsel was not ineffective for failing to raise a claim that had no merit on direct appeal." *Commonwealth v. Cox,* 581 Pa. 107, 137, 863 A.2d 536, 553 (2004).

Likewise, counsel was not ineffective for negligently preparing the appellate brief and hence waiving in Superior Court the issue that had been raised below in the concise statement, which is apparently the gist of the third prong of the amended petition's claim of ineffectiveness. (Am. pet. para. 6(c).) That underlying issue—basically that the drugs seized from the car should have been suppressed as the result of a warrantless search conducted in the absence of exigent circumstances—was also meritless, for the reasons that this court found that the owner of the car had validly consented to the search, that Weldon had no standing to contest the search, and for all the other reasons stated in this court's ruling at the hearing on suppression, in our opinion on direct appeal, and in this opinion. As the issue had no merit, appellate counsel cannot have been ineffective for not preserving it for review in Superior Court. See *id.*

## CONCLUSION

Though we have had difficulty parsing the issues of ineffectiveness of counsel actually raised in the amended petition for post-conviction relief because of their complete lack of particularity as to the issues, strategies, or tactics direct appellate counsel allegedly should have pursued, we have condensed the argument into the following: Appellate counsel provided ineffective representation because he waived on appeal a claim for suppression of evidence seized from Weldon's girlfriend's car. As that issue was completely lacking in merit, counsel cannot have been ineffective for not preserving it. We respectfully suggest that our order dismissing Weldon's post-conviction petition without a hearing should be affirmed.