J-S05031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT ALAN WIDENER | |
| Appellant | No. 1091 WDA 2014 |

Appeal from the Judgment of Sentence entered March 26, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000682-2013

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 18, 2015**

Appellant, Scott Alan Widener, appeals from the judgment of sentence of the Court of Common Pleas of Fayette County entered on March 26, 2014. Upon review, we affirm the judgment of sentence.

The trial court summarized the factual and procedural background as follows:

> The incidents giving rise to this case occurred during various periods of 2012 and were ultimately reported on November 5, 2012.  Pennsylvania State Police Trooper Heather Clem-Johnston received a call from Fayette County Children and Youth Services [CYS] regarding a possible sexual assault of two (2) females, ages four (4) and six (6).  The six-year-old victim was A.L.H., and the four-year-old victim was M.J.F.  The girls were cousins.

On November 13, 2012, a [f]orensic [i]nterview was conducted at A Child's Place at Mercy in Pittsburgh, Pennsylvania.[1]  Both victims told the interviewer, Sarah C. Johnson, that they had been assaulted by [Appellant].  M.J.F. told her that [Appellant] "put his finger up [her vagina]."  A.L.H. stated that [Appellant] touched her vagina and licked the area of her breasts.

[Appellant] was charged with [a]ggravated [i]ndecent [a]ssault, [v]ictim [l]ess than 13 [y]ears of [a]ge and two (2) counts of [i]ndecent [a]ssault, [v]ictim [l]ess than 13 [y]ears of [a]ge. . . . Following a four-day jury trial, [Appellant] was convicted on all counts on December 13, 2013.

On March 2[6], 2014, a [s]exually [v]iolent [p]redator hearing took place, and it was determined that [Appellant] is a sexually violent predator.  On the same day, the [trial c]ourt sentenced [Appellant] to a five (5) to ten (10) year term of incarceration and a consecutive two and one-half (2.5) to five (5) year term of incarceration.

Trial Court Opinion, 7/7/14 at 2-3.

On March 27, 2014, Appellant filed a post-sentence motion for modification of sentence, alleging the sentence was excessive and unconstitutional given it required lifetime registration, which is in excess of the statutory maximum sentence applicable for his convictions.  The trial court denied the motion on March 31, 2014.

While there is no indication Appellant sought leave of court to file a supplemental post-sentence motion,[2] on April 3, 2014, new (current) counsel filed another post-sentence motion.  In its last iteration, the motion

---

[1] The interviews were taped and saved on a disk.

[2] "The defendant may file a supplemental post-sentence motion in the judge's discretion . . . ."  Pa.R.Crim.720(B)(1)(b).

- 2 -

included a "[m]otion for [j]udgment of [a]cquittal (against the [w]eight of the [e]vidence), [a m]otion in [a]rrest of [j]udgment: [sic] and/or; [sic] [and a m]otion for a [n]ew [t]rial." Appellant's Post Sentence Motion for Modification of Sentence, 4/3/14, at 1. The trial court denied this motion on July 7, 2014. This appeal followed.

On appeal, Appellant raises ten issues for our review:

1. Did the court err in permitting the Commonwealth to play the forensic interview prior to [sic] elements of the offense charge were presented?

2. Did the court err in permitting the Commonwealth to have multiple opportunities to present testimony by the alleged victims when the alleged victims never stated that Appellant had touched them in any way?

3. Did the court err in permitting the alleged victims to watch the recordings of their forensic interviews after the victims denied that Appellant had touched them?

4. Did the court err in failing to grant motions for mistrial when a witness testified as to the credibility regarding an indicated [CYS] report?

5. Did the Commonwealth fail to prove beyond a reasonable doubt that [Appellant] committed the act of aggravated indecent assault as they showed no corroborating physical evidence of penetration?

6. Did the court err in permitting the jury during deliberations to again watch the video recordings of the forensic interviews over the objection of defense counsel?

7. Was the jury verdict against the weight of the evidence to sustain a conviction based upon the testimony and evidence presented at trial by the Commonwealth?

8.  Did the court err in ruling that Appellant's [sic] was sexually violent predator when the report was based in part on a criminal charge that did not result in a conviction?

9.  Is it unconstitutional to require an Appellant to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?

10. Is the Adam Walsh statute unconstitutional in requiring the an [sic] Appellant to register for a lifetime?

Appellant's Brief at 7-8.

In his first three issues, Appellant challenges the propriety of evidentiary rulings the trial court made at the time of trial. Appellant, however, addresses these issues in his brief as weight of the evidence claims. Nonetheless, whether raised as a challenge to the admission of evidence or as weight of the evidence claims, these claims are waived and have no merit.

In connection with his first issue, after incorrectly stating the appellate standard for reviewing a weight of the evidence claim,[3] Appellant argues

_____

[3] The appellate standard for reviewing a weight of the evidence claim is different from the standard employed by the trial court. **See** **_Commonwealth v. Johnson_**, 985 A.2d 915, 926 (Pa. 2009) (appellate review of a weight claim is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is or is not against the weight of the evidence).

With regard to rulings pertaining to the admission of evidence we employ the following standard: "An appellate court's standard of review of a trial court's evidentiary rulings which include rulings on the admission of hearsay is abuse of discretion." **_In re N.C._**, 105 A.3d 1199, 1210 (Pa. 2014) (citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the
*(Footnote Continued Next Page)*

that the Commonwealth should not have offered the forensic interviews without first establishing the elements of the crimes charged. Appellant does not cite or discuss a single case supporting his argument. The trial court, similarly at loss with Appellant's argument, noted Appellant provided no authority for his argument.[4] Trial Court Opinion, 9/23/14, at 4. This issue is therefore waived. *See* Pa.R.A.P. 2119; ***Commonwealth v. Rhodes***, 54 A.3d 908, 915 (Pa. Super. 2012) (failure to adequately develop argument results in waiver); ***Commonwealth v. Johnson***, ***C.***, 889 A.2d 620, 621 n.1 (Pa. Super. 2005) ("Failure to cite to any authority can result in the waiver of the claim.").[5]

_(Footnote Continued)_  _____

exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Hanford***, 937 A.2d 1094, 1098 (Pa. Super. 2007).

[4] The trial court also noted that Appellant stipulated to the playing of the forensic interviews. Trial Court Opinion, 9/23/14, at 4.

[5] In its opinion issued in connection with Appellant's post-sentence motions, the trial court noted:

> Due to their ages and their inability to answer some of the questions asked of them, the [trial c]ourt permitted Sara[h] Johnson, the forensic interviewer, to testify and allowed the jury to watch the video of the interview, which was an admitted Commonwealth exhibit. During the interview, the victims described the assaults.
>
> The victims were then re-called to the witness stand where they were able to answer questions and be thoroughly cross-examined. As a result, the Commonwealth was able to establish the elements of each offense through the testimony of the

_(Footnote Continued Next Page)_

- 5 -

Appellant next argues in his second and third issues the Commonwealth should not have been allowed to present the forensic interviews on "multiple occasions" when the victims had not stated that any inappropriate contact had occurred. Appellant's Brief at 10. Despite couching these arguments again as weight claims, Appellant is challenging, again, the admission of the forensic interviews and how the Commonwealth used them. Appellant provides no additional analysis or caselaw supporting these claims. The challenges, therefore, do not fare any better than his first. **See Rhodes**, **supra; Johnson**, **C., supra.** Furthermore, as the trial court noted, Appellant "neither asked to prohibit the victims from watching their interviews nor did the defense provide any authority that would require the [c]ourt to prohibit." Trial Court Opinion, 9/23/14, at 4. Thus, these claims also are waived because Appellant failed to object to them at trial. **See Commonwealth v. Sanchez**, 36 A.3d 24 (Pa. 2011), *cert. denied,* ––– U.S. ––––, 133 S.Ct. 122 (2012) (Rule 1925(b) statement may not be used as a vehicle to resurrect previously waived claims); **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) ("[A] Rule 1925(b) statement is not a substitute for the contemporaneous objection required at trial.").

*(Footnote Continued)* ————————

      victims, forensic interview[s], and the video of the victims'
      forensic interview[s.]

Trial Court Opinion, 7/7/14, at 5. As noted above, except for a bald allegation of error, Appellant provides no analysis or authority to support his claim.

Next, Appellant argues the trial court erred in failing to grant Appellant's motion for a mistrial. Specifically, Appellant argues a CYS witness impermissibly testified that the victims' statements about the abuses were "indicated", *i.e.*, valid.[6] Appellant also argues the trial court's curative instruction did not cure the prejudice.

Nowhere does Appellant mention the standard of review for these challenges[7] or address the trial court's reasoning for not granting his motion

_____

[6] In the questions presented for our review, Appellant challenges statements made by "a" witness. Appellant's Brief at 7. In the body of the argument, Appellant argues there were two witnesses who improperly testified regarding the validity of the reports. *Id.* at 18-19. Additionally, in the statement of questions involved, Appellant argues there were multiple motions for mistrial. It appears, however, there was only one. Because the motion for mistrial was lodged only in connection with one witness, and given the trial court addressed Appellant's challenge only in connection with the testimony of that witness, our analysis will be confined only to that testimony.

[7] *See Commonwealth v. Rega*, 933 A.2d 997 (Pa. 2007):

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Id.* at 1016 (citations omitted).

*See also Commonwealth v. Ragland*, 991 A.2d 336, 340 (Pa. Super. 2010) ("The remedy of a mistrial is an extreme remedy[.]) (citation
*(Footnote Continued Next Page)*

for mistrial.  The claim is waived for failure to cite any authority that would support his claim and for failure to adequately develop the argument.  *See Johnson, C.*, *supra*; *Rhodes, supra*.

Nonetheless, the trial court noted: "I made it abundantly clear to the jury that it is up to them to make a determination of [guilt] and prior findings by anyone else is just what got it into the courtroom[.]"  Trial Court Opinion, 9/23/14, at 9 (citing N.T. Trial, 12/10/13, at 77).  Specifically, in its curative instruction, the trial court explained that a valid report was not a determination of guilt and that it should be viewed as simply an accusation that had to be turned over to the police for investigation.  N.T. Trial, 10/23/13, at 72-73.  Thus, to the extent the issue is properly before us, Appellant failed to show the challenged testimony deprived him of a fair trial "by preventing the jury from weighing and rendering a true verdict," *Rega*, *supra*, and why the curative jury instruction was insufficient.  Accordingly, we conclude Appellant has failed to show the trial court abused its discretion in denying his motion for mistrial.

Appellant next argues the evidence was insufficient to support his conviction of aggravated indecent assault as there was not corroborating

_(Footnote Continued)_  ———————————

omitted).  Finally, "When the trial court provides cautionary instructions to the jury in the event the defense raises a motion for mistrial, the law presumes that the jury will follow the instructions of the court." *Commonwealth v. Parker*, 957 A.2d 311, 319 (Pa. Super. 2008) (quotation marks, citations, and brackets omitted).

physical evidence of penetration. Appellant nowhere addresses the standard of review for sufficiency of this evidentiary claim, and how the application of this standard to the facts of this case would result in reversing the trial court. Nor does Appellant sets forth the elements of the crime for aggravated indecent assault for which he was convicted. Appellant merely argues that, given the "issues" pertaining to the admission of the forensic interviews, "any reasonable person [would] conclude that there should be some evidence of injury." Appellant's Brief at 21. Appellant provides no authority for his argument. In fact, Section 3106[8] and caselaw specifically refute his argument. *See, e.g., Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) ("The uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant.") (citation omitted).

The argument also is frivolous. As the trial court noted:

[Witness] testified that victim M.F. told [witness] that [Appellant] "was putting his finger up" her vagina. When asked how he was touching her, M.F. told [witness], "He would spread my legs like open and then do it."

When M.F. was on the witness stand, she was questioned about the incidents, as well. She testified that [Appellant] lick[ed] my cooter bug and he twisted his finger in my cooter bug, and he, uh – he did it like a lot of times.

_____

[8] In relevant part, Section 3106 (relating to the testimony of complainants) provides: "The testimony of a complainant need not be corroborated in prosecutions under [Chapter 31]." 18 Pa.C.S.A. § 3106.

Trial Court Opinion, 9/23/14, at 11.

To the extent the claim is properly before us, we conclude the trial court did not err in finding the evidence sufficient to support Appellant's conviction of aggravated indecent assault.[9]

Next Appellant argues the trial court erred in allowing the jury to watch the forensic interviews during deliberations. At trial, Appellant objected to providing the jury with the forensic interviews due to their "testimonial" nature. The trial court, in response, noted: "It was my view that [the videos were] admitted as an exhibit and it is the same as the jury reviewing any other exhibit, the only difference being that this happened to be a video as opposed to some other document that was admitted. But I do recognize that it's testimonial." Trial Court Opinion, 9/23/13, at 12.

On appeal, Appellant raises the same argument, emphasizing that the trial court acknowledged that the interviews were "testimonial" in nature. Appellant, however, provides no authority for the proposition that evidence of a testimonial nature is not allowed during jury deliberations. Additionally,

---

[9] Section 3125, in relevant part, provides:

> [A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if . . . the complainant is less than 13 years of age.

Pa.C.S.A. § 3125(a)(7).

Appellant does not explain why the trial court's reasons for allowing the interviews in deliberations was erroneous. Finally, nowhere does Appellant explain what the standard of review is for these claims.[10] The claim is waived for failure to provide any authority in support of it and to adequately develop this argument. *See Johnson, C.*, *supra*; *Rhodes*, *supra*.

Again, nonetheless, we also note that "under former Pa.R.Crim.P. 1114 (current Rule 646) and *Commonwealth v. Merbah*, [] 411 A.2d 244 (Pa. Super. 1979), a prosecution witness's statement entered into trial evidence as an exhibit may be sent out to the jury." *Causey*, 833 A.2d at 178. Here, the forensic interviews were entered into trial as an exhibit, and Appellant stipulated to their admission. Trial Court Opinion, 9/23/13, at 4 (citing N.T. Trial, 12/10/13, at 5). Additionally, we note that witness statements are not listed as an item the jury is not permitted to have during deliberations. *See* Pa.R.Crim.P. 646(C) ("During deliberations, the jury shall not be permitted to have: (1) a transcript of any trial testimony; (2) a copy of any written or otherwise recorded confession by the defendant; (3) a copy of the information or indictment; and (4) except as provided in paragraph (B), written jury instructions."). Absent any argument by Appellant on this point,

_____

[10] "Our review of a trial court's decision to provide the jury with a trial exhibit during deliberations is for abuse of discretion." *Commonwealth v. Causey*, 833 A.2d 165, 178 (Pa. Super. 2003) (citation omitted).

- 11 -

we conclude the trial court did not abuse its discretion in sending the forensic interview out to the jury.

Appellant next argues the jury verdict was against the weight of the evidence.[11] This argument appears to be a concoction of all claims raised up to this point. Appellant does not address our standard of review, how the trial court abused its discretion in not granting a motion for new trial, or how he preserved this issue for appellate review. "Because Appellant fails to address the standard by which this Court reviews a weight of the evidence claim and makes no effort to demonstrate an abuse of discretion by the trial court," *Johnson*, 985 A.2d at 926, he is not entitled to any relief on his weight of the evidence claim.

Even if we were to address the merit of his claim, we would conclude it is meritless. Appellant seems to argue the inconsistencies in the victims' statements "raises [sic] serious doubts as to the accuracy or truth of the testimony of the alleged victims[.]" Appellant's Brief at 24. Appellant ignores this Court does not make credibility determinations, nor can we substitute our judgment for that of the jury on issues of credibility. *Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004).

---

[11] As for other claims raised on this appeal, Appellant is advised to review Pa.R.A.P. 2117(c), and 2119(e). Nowhere does Appellant state where and how the issues were preserved for appellate review. It is not our role to scour the record to determine whether an issue is properly before us. *See, e.g., Commonwealth v. Baker*, 963 A.2d 495, 502, nn.5, 6 (Pa. Super. 2008).

Next Appellant argues that in classifying Appellant as a sexually violent predator ("SVP"), the trial court erroneously considered a criminal charge that did not result in a conviction (Statement of Questions Involved). In the argument section of his brief, Appellant, however, expands the scope of this challenge, arguing the trial court considered prior records (charges and convictions) for non-sexual offenses.[12]

Here, the trial court, reasonably so, addressed the question only to the extent Appellant argued the trial court erroneously considered one charge that did not result in a conviction. The trial court did not consider Appellant's additional claim raised for the first time on appeal (*i.e.*, trial court erroneously considered charges and convictions for non-sexual offenses). Thus, the additional claim is waived because it was raised for the first time on appeal, **see** Pa.R.A.P. 302(a), in addition to it being waived for failure to comply with Pa.R.A.P. 2116(a).

With regard to the only claim properly before us, the trial court stated:

_____

[12] Once again, Appellant provided no reference to the record or to the notes of testimony to support his assertion. Additionally, we note Pa.R.A.P. 2116, in relevant part, provides: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested by it." Pa.R.A.P. 2116(a). Failure to comply with Rule 2116 might result in a waiver of the issue not properly stated. **See**, **e.g.**, **Commonwealth v. Fremd**, 860 A.2d 515, 523-24 (Pa. Super. 2004) ("In his brief, appellant also argues that the police conduct was so outrageous as to bar conviction even if entrapment is not found. Appellant failed to raise this issue in the 'Statement of Questions Involved' portion of his appellate brief and it is, therefore, waived.").

> [Appellant] takes issue with the [SVP] assessment being partially based upon a charge of which he was not convicted. In reviewing the record of the sexually violent predator proceedings, the [c]ourt cannot find what [Appellant] is disputing. All of [Appellant]'s prior convictions are listed, and there is no mention of a charge of which [Appellant] was not convicted. . . . Even if a charge that did not result in a conviction was considered [by an expert], the [c]ourt can say with absolute certainty that [this] charge was not the deciding factor in [Appellant] being deemed a sexually violent predator.

Trial Court Opinion, 9/23/14, at 13-14. In light of the foregoing, we conclude Appellant's claim that the trial court improperly considered a charge for which there was no conviction to be meritless.

Appellant next argues lifetime registration under Pennsylvania's Sex Offender Registration and Notification Act (SORNA)[13] for a crime that carries a statutory maximum of 10 years is unconstitutional because "it exceeds the statutory maximum penalty proscribed [sic] for the crime of which he was convicted." Appellant's Brief at 29. Appellant also argues the lifetime registration is "in excess of what is needed to ensure compliance." *Id.*

The entire analysis set by Appellant for both grounds of this argument consists of the following statement: "Because such manifestly excessive requirements have been struck down in the past, the [A]ppellant respectfully requests that this Honorable Court find the registration requirement to be an

---

[13] 42 Pa.C.S.A. §§ 9799.10-.41.

unusual punishment barred by both the Pennsylvania and U[nited] S[tates] Constitutions." *Id.*

Appellant alludes to an *obiter dictum*[14] in **Commonwealth v Williams**, 832 A.2d 962 (Pa. 2003).[15]  Aside from this general allegation,

_____

[14] **See Commonwealth v. Lee**, 935 A.2d 865, 867 (Pa. 2007).

[15] In **Williams**, the Supreme Court noted:

> Still, one of the most troubling aspects of the statute is that the period of registration, notification, and counseling lasts for the sexually violent predator's entire lifetime.  A reasonable argument could be made that, to avoid excessiveness, the Legislature was required to provide some means for a sexually violent predator to invoke judicial review in an effort to demonstrate that he no longer poses a substantial risk to the community.  This aspect of the statute may be particularly problematic if the definition of "sexually violent predator" is incapable of reasonably precise implementation, as explained below.  Notably, however, the position that a means for subsequent judicial review is a necessary feature of any valid registration/notification scheme assumes that, given sufficient time and/or treatment, sexually violent predators can be fully cured of the "mental abnormality or personality disorder [making them] likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9792 (defining "sexually violent predator").  As the record is devoid of any information concerning the prospect of successful treatment of such individuals, the presumption of constitutionality enjoyed by all validly enacted legislation, **see Commonwealth v. Means**, 565 Pa. 309, 315, 773 A.2d 143, 147 (2001), remains unrebutted.  *Cf.* **Commonwealth v. Fleming**, 801 A.2d 1234, 1240–41 (Pa. Super. 2002) (concluding that Megan's Law II's extension of the registration term for certain offenders from ten years to life did not constitute punishment).

*(Footnote Continued Next Page)*

Appellant presented no evidence, substantive argument, or citation to any authority supporting his claim. Accordingly, "the presumption of constitutionality enjoyed by all validly enacted legislation, remains unrebutted." *Id.* at 983.[16]

Finally, Appellant argues SORNA is unconstitutional because "the requirements for registration and the classification of offenses into tiers are not in line with what is required to accomplish rehabilitation." Appellant's Brief at 30. Appellant explains this conclusory statement by making the same conclusory argument he made in connection with his previous claim: the lifetime registration requirement is excessive, *i.e.*, "totally beyond the statutory maximum sentence for aggravated indecent assault." *Id.* As such, it constitutes an "unusual punishment" under the federal and state constitutions. *Id.*

_____
*(Footnote Continued)*

*Williams*, 832 A.2d. at 982-83. As noted, Appellant did not discuss *Williams*, and how the language from *Williams*, despite being *dictum*, supports his claim.

[16] *See also Commonwealth v. Long*, 831 A.2d 737 (Pa. Super. 2003) :

> A statute will be found unconstitutional only if it clearly, palpably and plainly violates constitutional rights. Under well-settled principles of law, there is a strong presumption that legislative enactments do not violate the constitution. Further, there is a heavy burden of persuasion upon one who questions the constitutionality of an Act.

*Id.* at 743 (citation omitted).

Aside from a few conclusory statements, Appellant again provides no evidence, analysis, or authority in support of these allegations. Appellant, again, has failed to overcome the presumption of constitutionality enjoyed by the statute. *Williams*, 832 A.2d at 983.

Despite the deficiencies of an inartfully drafted brief, Appellant, in essence, is arguing that (i) the lifetime registration requirement subjects him to a sentence in excess of the statutory maximum for his conviction, rendering the sentence and the requirement illegal, and (ii) the lifetime registration constitutes "unusual punishment" under the federal and state constitutions.

We note that this Court has stated the registration requirements under SORNA do not constitute criminal punishment. They are intended "to effectuate, through remedial legislation, the non-punitive goal of public safety." *Commonwealth v. McDonough*, 96 A.3d 1067, 1071 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Perez*, 97 A.3d 747, 751, 758-59 (Pa. Super. 2014). Appellant "has offered neither competent nor credible evidence to undermine the legislative findings behind SORNA's registration provisions." *McDonough*, 96 A.3d at 1071. Thus, Appellant's claim that he received a sentence in excess of the statutory maximum due to the lifetime registration is meritless because lifetime registration is not a sentence. Similarly, because the registration requirements are not a

criminal punishment, Appellant's claim that the registration requirement constitutes an unusual punishment also is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2015